Robert F. **COCHRAN**

v.

**ORTHO PHARMACEUTICAL COMPANY.**

Civ. A. No. 71–1022.

United States District Court, E. D. Louisiana, New Orleans Division.

Dec. 20, 1971.

William J. Everhardt, Everhardt & Martinez, Metairie, La., for plaintiff.

John E. McFall, Kullman, Lang, Keenan, Inman & Bee, New Orleans, La., for defendant.

MITCHELL, District Judge.

This cause came for a hearing on a previous day and was taken under submission by the Court.

After consideration of the briefs and the law, the Court is of the opinion that the motion to dismiss must be granted.

Plaintiff, age 47, brought this action against his former employer, alleging that he was discharged in violation of the Age Discrimination in Employment Act.[1] The question presented in this motion is whether plaintiff's suit can be maintained when the alleged discriminatory act occurred on April 13, 1970, and the notice of intent to file a civil action under the act was not given to the Secretary of Labor until February 15, 1971.

The pertinent parts of that act are:

(d) No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—

(1) within one hundred and eighty days after the alleged unlawful practice occurred, . . .

(e) Section 255 . . . of this title shall apply to actions under this chapter.[2]

Section 255 [3] establishes a two-year statute of limitations.

Plaintiff contends that the 180-day notice requirement is "directory" only and that the failure to file the notice within such time should not be fatal. Defendants, on the other hand, maintain that the 180-day requirement is a jurisdictional prerequisite.

Plaintiff's contention that the word "shall" is directory in nature is clearly contrary to the well-established rules of construction. "Shall" is mandatory, not permissive.[4]

Congress has utilized this method of forcing complainants to speedily present their claims and allow a neutral outside agency an opportunity to mediate, conciliate or arbitrate the matter while it is fresh.[5] Plaintiff would have us ignore this plain language of Congress and hold that notice of intention to file suit and the commencement of a civil action are fungibles. Needless to say, had Congress meant this, it would have omitted Section (d) altogether.

We think the clear meaning of the Act is that a complainant must give notice of his intention to file suit within 180 days of the act complained of and that having done so, he must actually file suit within two years from the date of the act. The argument that the legislation is remedial and humanitarian and should be construed so as not to deny relief in this case is addressed to the wrong instrumentality of the government. Congress, not we, should decide this. In cases of other laws with similar purposes, other Courts have reached the same conclusion.[6]

Therefore, we hold that the 180-day requirement is jurisdictional and that plaintiff's suit must be dismissed.

Let judgment be rendered accordingly.

1. 29 U.S.C.A. Sect. 621, et seq.

2. 29 U.S.C.A. Sect. 626(d)(1), (e).

3. 29 U.S.C.A. Sect. 255.

4. Honeycutt v. United States, 19 F.R.D. 229, 230 (W.D.La.–1956).

5. See 42 U.S.C.A. 2000e et seq; cf.

6. Georgia Power Co. v. EEOC, 412 F.2d 462 (CA5–1969); Choate v. Caterpillar Tractor Co., 402 F.2d 357 (CA7–1969); and see also, Boudreaux v. Baton Rouge Marine Contracting Co., 437 F.2d 1011 (CA5–1971).