Karl T. E. GEBHARD et al., Plaintiffs,

v.

GAF CORPORATION, Defendant.

Civ. A. No. 1519–72.

United States District Court,
District of Columbia,
Civil Division.

May 7, 1973.

---

Robert J. Wieferich, Washington, D.
C., for plaintiffs.

Richard C. Hotvedt, Washington, D.
C., for defendant.

## OPINION AND ORDER

JOHN LEWIS SMITH, Jr., District Judge.

■ Plaintiffs, three former employees of the General Aniline Film Corporation (hereinafter GAF), bring this suit for declaratory relief and damages on the grounds that they were involuntarily discharged from employment in violation of their contract rights and the Age Discrimination in Employment Act. Pub.L. 90–202, 81 Stat. 603 (December 15, 1967), 29 U.S.C. § 621 et seq. Plaintiffs are all over forty years of age and claim to represent the class of former employees similarly discharged prior to the normal retirement age in violation of their employment contracts. The case is before the Court on defendant's motion for summary judgment and plaintiffs' opposition.[1] Also before the court are motions to intervene on behalf of a fourth former employee and plaintiffs' motion to strike an affidavit filed with defendant's summary judgment motion.

The undisputed material facts are: there is no written employment contract. Plaintiffs base their contract rights on a retirement plan, adopted in 1944 as amended.[2] On August 1, 1970, plaintiffs were discharged from employment. Subsequently, they accepted severance payments and each made an election for pension benefits from several options of the retirement plan.[3] Plaintiffs filed notice of their age discrimination claims with the Secretary of Labor on May 27, 1972. On July 31, 1972, this suit was filed. Plaintiffs claim that they were induced to render periods of service ranging from ten to thirty-three years to GAF on the company's promise, contained in the retirement plan, to guarantee them employment until age 65. Plaintiffs claim that the discharge denies them their right to work until normal retirement age of 65 and thereby accrue full pension and insurance benefits[4] and, furthermore, that the discharge was part of a calculated plan to replace senior employees with their younger counterparts. The gravamen of GAF's defense is that there was no employment contract between the parties; but rather, an employment-at-will relationship whose obligations GAF has fully satisfied. Further, GAF contends that plaintiffs' failure to exhaust their administrative remedies deprives this court of jurisdiction over their claims under the Age Discrimination in Employment Act.

Based on the reasons set forth below, the court finds that the discharge did not violate plaintiffs' employment rights, and that this court lacks jurisdiction over plaintiffs' age discrimination claim.

■■ Plaintiffs rely on a theory of implied contract, i. e., that GAF induced plaintiffs to render continued services by guaranteeing employment until age 65. Even if proved, an oral contract obviously contemplating long-term employment is void under the Statute of Frauds. 28 D.C. 3502. Furthermore,

1. Plaintiffs contend that material facts are in issue. The disputed facts, however, are not material and do not, therefore, bar summary judgment.

2. This plan was adopted while GAF was owned and controlled by the Attorney General of the United States, pursuant to the Trading with the Enemy Act, 50 U.S.C.App. § 1 et seq. In 1965, GAF was sold to its current owners. The plan was amended in 1957 and 1962.

3. Group health and group life insurance plans for plaintiffs are not part of the record and are not claimed as part of the alleged contract of employment.

4. Plaintiff Gebhard received $4,767; Kushner received $4,053.63; and Nagel received $6,055. Gebhard and Kushner both elected to have their interests remain in the trust for either later election of early retirement at age 55, or full monthly retirement at age 65 continuing for life. Nagel elected early retirement at reduced monthly allowance until death and continued allowance to his widow until her death.

the terms of the retirement plan refute plaintiffs' argument of guaranteed employment rights. In the first place, the plan deals with pension and not employment rights. It also recognizes both voluntary and involuntary termination of employees [5] and provides for an elaborate scheme of retirement options for senior or "vested" terminated employees.[6] No employee, therefore, regardless of his seniority, is exempt from termination by virtue of this plan. Furthermore, these plaintiffs accepted retirement settlements, apparently without objection, which refutes their claim that they believed themselves eligible for employment until age 65. The pension options selected by plaintiffs were pursuant to the retirement plan and plaintiffs were also given lump sum payments at severance.

█ Plaintiffs have failed to file timely notice of inetnt to sue with the Secretary of Labor within 180 days of the alleged discrimination as required by the Age Discrimination in Employment Act. 29 U.S.C. § 626(d)(1). Such notice is a jurisdictional pre-requisite to suit. Cochran v. Ortho Pharmaceutical Co., C.A. No. 71–1022, E.D.La., January 24, 1973 (Minute Entry); Price v. Maryland Casualty, 5 Emp.Prac. 7997 (S.D. Miss., 1972). Plaintiffs claim that they did not see notice of the filing requirement at their place of work. But the court is satisfied that such notice was posted.[7]

█ As to plaintiffs' motion to certify this cause as a class action, the court finds that plaintiffs have failed to meet the preliminary requirements of Rule 23(a), F.R.Civ.P. 28 U.S.C. Rule 23. Since plaintiffs have failed to demonstrate that the class is large, the court can make no finding that joinder would be impracticable; nor can the court conclude that questions of law and fact are common to the class since plaintiffs' individual understanding of the retirement plan may not be shared by other potential class members. In addition, these plaintiffs are hardly representative of a class suing under the Age Discrimination in Employment Act since none has met the jurisdictional pre-requisite of filing timely notice with the Secretary of Labor. Certifying this matter as a class action would bind all similarly discharged employees whose possibly *bona fide* claims would be *res judicata*. Another matter before the court is the Rule 24(b) motion to intervene on behalf of Ira B. Current.[8] F.R.Civ.P. 28 U.S.C. Rule 24. Mr. Current appears to be similarly situated to the named plaintiffs in all respects except that he has filed timely notice under the Age Discrimination in Employment Act. His motion under Rule 24(b) falls within the category of "permissive intervention" and lies within the court's discretion. Although common questions of law or fact probably are present here, intervention would have the primary effect of

5. The following terms are used and explained: "vested terminated participants" (Retirement Plan at 14.1); "termination if employee defrauds the company" (at 16); company can terminate the plan (at 15); if an employee terminates prior to 10 years service he loses retirement income but he can recoup contributions and interest (at 9); retirement income continues only if vested employee continues making contributions after his termination (at 9).

6. Options are: life monthly allowance at age 65; reduced monthly allowance at age 55; reduced monthly allowance and income accrues to another person after employee's death; continued employee contributions with interest; withdrawal of contributions and forfeiture of retirement pension; payment of employee contributions, with interest, to beneficiary if employee's death occurs prior to retirement.

7. The Court makes this finding on the basis of the affidavit of John D. Barry, GAF employee and former Regional Manager of Mid-Atlantic Region, indicating that Barry personally posted Age Discrimination in Employment Act notices since 1967 on all bulletin boards in each plant or sales office of GAF.

8. This motion is also made pursuant to Rule 23, which is applicable only to class actions, and Rule 21, inapplicable because Current is not a necessary party.

placing the age discrimination claim within the court's jurisdiction. A motion to intervene, however, is not a tactic to cure jurisdictional defects: ". . . (it is) not be permitted to breathe life into a nonexistent law suit . . ." Fuller v. Volk, 351 F.2d 323, 328 (C.A.3rd., 1965). See also Hobson v. Hansen, 44 F.R.D. 18 at 32, 33 (D.D.C.1968). Furthermore, Mr. Current, who is represented by plaintiffs' attorney, has not demonstrated that plaintiffs' prosecution of this claim would prejudice his interests. It is in the best interest of justice, therefore, that the motion be denied under Rule 24(b) F.R.Civ.P.

Finally, plaintiffs move to strike the affidavit of Glen Wiswell, attached to defendant's motion for summary judgment. Mr. Wiswell is in charge of GAF's Employment Benefits Program and works with the retirement plan. The affidavit consists of conclusions of law and opinion testimony and, therefore, is improper under Rule 56 F.R.Civ.P. 28 U.S.C. Rule 56.