John H. **SKOGLUND**

v.

The **SINGER COMPANY.**
Civ. A. No. 75-212.

United States District Court,
D. New Hampshire.

Nov. 13, 1975.

---

Robert A. Shaines, Shaines, Madrigan & McEachern, Portsmouth, N. H., for plaintiff.

Ronald L. Snow, Orr & Reno, Concord, N. H., for defendant.

## MEMORANDUM OPINION ON DEFENDANT'S MOTION TO DISMISS

BOWNES, District Judge.

This action arises under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* and concerns an act of alleged age discrimination by defendant against plaintiff on or about August, 1974. Jurisdiction is founded on 29 U.S.C. § 626(c) and 28 U.S.C. § 1331. Defendant contests the jurisdiction of this court and has moved to dismiss the case.

Plaintiff, a resident of Hampton, New Hampshire, has been employed by defendant, The Singer Company, for a total of thirty-six years. Plaintiff is a member of the class covered by ADEA. 29 U.S.C. § 631.

Defendant, The Singer Company, is an employer within the meaning of ADEA, is engaged in interstate commerce within the meaning of ADEA, and is, therefore, subject to the requirements of ADEA. 29 U.S.C. § 630(b) and (h).

Plaintiff, prior to August, 1974, had worked for defendant as a manager of a store in Boston, Massachusetts. In August, 1974, he was transferred to a smaller store in Stoneham, Massachusetts. Plaintiff alleges that this transfer took place solely because "he looked older than his actual age, which is now 54, and . . . the company needed someone younger to manage the Boston store." (Plaintiff's Complaint ¶ 10 at p. 2.) Plaintiff claims that this transfer constitutes a wilful violation of ADEA, 29 U.S.C. § 623(a)(1) which provides:

(a) It shall be unlawful for an employer—

(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;

The alleged act of discrimination occurred in early August, 1974.[1] Plaintiff alleges that, by letter dated February 21, 1975, he notified the Employment Standards Administration of the United States Department of Labor of the alleged discrimination. He then notified the Massachusetts Commission Against Discrimination on March 4, 1975. On April 25, 1975, as required by 29 U.S.C. § 626(d), plaintiff notified the Secretary of Labor of his intent to bring suit under ADEA. These dates are not disputed by defendant.

Defendant has moved to dismiss this action for lack of jurisdiction in this court due to plaintiff's failure to timely comply with ADEA's filing requirements. 29 U.S.C. § 633(b); 29 U.S.C. § 626(d). Plaintiff claims that defendant's failure to comply with 29 U.S.C. § 627, the requirement that employers post notices concerning ADEA, excuses his failure to so comply. There is a factual dispute as to whether defendant failed to post the required notices.

There is an initial question as to the jurisdiction of this court raised by de-

---

1. Plaintiff and defendant differ by a few days as to the actual date, but the difference is not material to either plaintiff's or defendant's position or to my determination.

fendant: Is plaintiff barred from seeking relief in federal court due to his failure to fully comply with 29 U.S.C. § 633(b)?

Section 633(b) states:

In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated: . . .

The act of alleged age discrimination took place in Massachusetts. Massachusetts is a State which has a law prohibiting age discrimination in employment and establishing a State authority to grant or seek relief from such discrimination. Mass.Gen.Laws ch. 6 § 56. Mass.Gen.Laws ch. 151B § 4 provides:

It shall be an unlawful practice:

1. For an employer, by himself or his agent, because of the race, color, religious creed, national origin, sex, age, or ancestry of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment, unless based upon a bona fide occupational qualification.

29 U.S.C. § 633(b), therefore, applies to this case.

Section 633(b), read strictly, requires that a complainant seek relief in a state proceeding before a suit may be brought in federal court under ADEA. *Curry v. Continental Airlines*, 513 F.2d 691 (9th

Cir. 1975); *Goger v. H. K. Porter Company, Inc.*, 492 F.2d 13 (3d Cir. 1974); *Vaughn v. Chrysler Corporation*, 382 F.Supp. 143 (E.D.Mich.1974); *McGarvey v. Merck & Co., Inc.*, 359 F. Supp. 525 (D.N.J.1973), *vacated*, 493 F. 2d 1401 (3d Cir. 1974), *cert. denied*, 419 U.S. 836, 95 S.Ct. 64, 42 L.Ed.2d 63 (1975).

Massachusetts requires that:

Any complaint filed pursuant to this section must be so filed within six months after the alleged act of discrimination. Mass.Gen.Laws ch. 151B § 5 (Supp.).

Here, plaintiff notified the state agency in March, 1975, seven months after the alleged act. Plaintiff was barred, therefore, at the time of notification from pursuing any state relief. The question thus arises whether plaintiff's failure to timely file with the Massachusetts Commission precludes this court from taking jurisdiction of this case.[2]

The filing requirements of ADEA, 29 U.S.C. § 626(d), is similar to that of the Massachusetts law. It provides:

(d) No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—

(1) within one hundred and eighty days after the alleged unlawful practice occurred, . . .

ADEA's filing requirement has been held to be mandatory and to be a condition precedent to jurisdiction in a federal court. *Powell v. Southwestern Bell Telephone Company*, 494 F.2d 485 (5th Cir. 1974); *Oshiro v. Pan American World Airways, Inc.*, 378 F.Supp. 80 (D.Hawaii 1974); *Burgett v. Cudahy*

2. 29 U.S.C. § 633(b) states that:
   If any requirement for the commencement of such proceedings is imposed by a State authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State authority.
   This section must be read in light of the State time limit for filing a complaint.

*Company,* 361 F.Supp. 617 (D.Kan. 1973); *Cochran v. Ortho Pharmaceutical Company,* 376 F.Supp. 302 (E.D.La. 1971). However, this court notes that, to its knowledge, Mass.Gen.Laws ch. 151B § 5 has not been interpreted by the Massachusetts courts, and it has not been decided whether Section 5 is a jurisdictional requirement in Massachusetts.

█ Plaintiff is seeking to enforce Congressionally created rights and remedies, and federal courts are not free to loosely interpret the requirements set in such legislation.

. . . where statutory rights are asserted in a court, strict compliance with the statute in question is a jurisdictional prequisite to the commencement of a civil action based upon that statute. *McGarvey, supra,* 359 F. Supp. at 528.

*Abshire v. Chicago & Eastern Illinois Railroad Co.,* 352 F.Supp. 601 (N.D.Ill. 1972).

█ On the other hand, ADEA is remedial legislation with the broad purpose of ending age discrimination in the United States. 29 U.S.C. § 621. Remedial legislation should not be so narrowly read as to preclude achievement of its purpose; form should not be raised over substance.

The Age Discrimination Act is remedial and humanitarian in its nature as is Title VII. Courts construing Title VII's procedural limitations have been extremely reluctant to allow technicalities to bar claims brought under that statute. Limitations which would take away a right from one for whom the statute was enacted have been required to be express and not subject to varying interpretations. *Woodford v. Kinney Shoe Corp.,* 369 F.Supp. 911, 914 (N.D.Ga.1973).

*Cf. Evans v. Sheraton Park Hotel,* 164 U.S.App.D.C. 86, 503 F.2d 177 (1974); *EEOC v. Wah Chang Albany Corp.,* 499 F.2d 187 (9th Cir. 1974); *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir. 1970). This is particularly so in a statutory scheme in which lay persons are expected to enforce their statutory rights. This court is aware of the admonition of the Supreme Court in *Love v. Pullman Co.,* 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972):

> Such technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process.

█ The purpose of Section 633(b) is to further state-federal relations. 1967 U.S.Code Cong. and Admin.News, pp. 2218, 2219. Section 633(b) manifests Congressional intent to defer to the states' efforts to remedy age discrimination within their own boundaries. It allows the states a minimum of sixty days to attempt to redress a grievance prior to any federal judicial action in the case.

We agree with the district court, however, that although the Act does not require an aggrieved person to exhaust state remedies as a condition precedent to the institution of a federal suit, it does require that the State be given a threshold period of sixty days in which it may attempt to resolve the controversy, normally by voluntary compliance. *Goger, supra,* 492 F.2d at 15.

Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e *et seq.,* the Equal Employment Opportunity Act (hereinafter Title VII), has an almost identical deferment requirement. 42 U.S.C. § 2000e–5(c).[3] Section 2000e–5(c) has

---

3. 42 U.S.C. § 2000e–5(c) provides that:
   In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (b) of this section by the person aggrieved before the expiration of sixty days after proceedings have been

been interpreted to require that appropriate state agencies be given a prior opportunity to redress the alleged grievance. *Love v. Pullman Co., supra,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679; *Wah Chang, supra,* 499 F.2d 187; *Crosslin v. Mountain States Telephone & Telegraph Co.,* 422 F.2d 1028 (9th Cir. 1970), *vacated* and *remanded,* 400 U.S. 1004, 91 S.Ct. 562, 27 L.Ed.2d 618 (1971);[4] *International Bro. of Electrical Wkrs. v. EEOC,* 398 F.2d 248 (3d Cir. 1968), *cert. denied,* 393 U.S. 1021, 89 S.Ct. 628, 21 L.Ed.2d 565 (1969).

A fundamental policy of the Equal Employment Opportunity Act [Act] is to avoid federal action whenever possible by making the state a partner in the enforcement of Title VII. * * * The deferral requirement of * * * § 2000e–5(c), is thus an important feature of the statute to be carried out by the executive department and to be upheld by the judiciary. *Wah Chang, supra,* 499 F.2d at 189.

This Congressional sensitivity to state-federal relations found in Title VII's deferral requirement is also reflected in ADEA's Section 633(b). *Curry, supra,* 513 F.2d 691; *Goger, supra,* 492 F.2d 13.

■■ I do not believe that plaintiff's failure to timely comply with Section 633(b) deprives this court of the power to hear this case. There is no indication in either the history or the wording of

ADEA that the Section 633(b) requirement is jurisdictional. I follow the rationale of *Wah Chang, supra,* 499 F.2d at 189, and *Reeb v. Economic Opportunity Atlanta, Inc.,* 516 F.2d 924 (5th Cir. 1975), (*see* discussion below) in holding that the ADEA deferral requirement is not jurisdictional.

For this court to refuse to hear plaintiff's case due to his failure to timely notify the Massachusetts authorities would not achieve the Congressional purpose of fostering state enforcement; it would simply deny plaintiff any remedy at all.[5] This is not a case where the federal court can defer because plaintiff is barred from his state remedies. This court further notes that, although it seems that plaintiff is precluded from proceeding in Massachusetts, he claims that the Massachusetts Commission Against Discrimination "suspended its investigation of this matter pending the investigation of the Equal Employment Opportunity Commission." (Plaintiff's Memorandum of Law at 2.) It appears, therefore, that plaintiff's claim may still be alive in Massachusetts. Massachusetts has had much more than the sixty days Congress designated in Section 633(b).

I find that, although Section 633(b) requires timely resort to state remedies before a complaint may be filed in federal court, this requirement is not jurisdictional; therefore, plaintiff's failure to notify the Massachusetts Commission

commenced under the State or local law, unless such proceedings have been earlier terminated, . . .

4. *Crosslin* was concerned with the issue of what constitutes a state agency authorized "to grant or seek relief." The Appeals Court determined that an agency for the purposes of Title VII, Section 2000e–5(c), was not required to provide "a suitable remedy for the aggrieved person." *Crosslin, supra,* 422 F.2d at 1030. The EEOC had taken the contrary position. It had determined that the state agency in question had inadequate remedial powers and that Section 2000e–5(c) requires deferment only to agencies with powers to provide suitable relief as determined by the EEOC. The Supreme

Court vacated and remanded the decision with Mr. Justice Douglas dissenting. "Forcing an alleged victim of racial discrimination —usually an indigent—first to seek a state remedy prior to vindication of his federal rights when that state remedy is palpably inadequate presents an issue of considerable importance." 400 U.S. at 1005, 91 S.Ct. at 563.

5. There is no indication here that plaintiff wilfully or knowingly refused to avail himself of his state remedies under Mass.Gen. Laws ch. 151B § 4. His claim of lack of knowledge of his remedies applies equally to his state as to his federal remedies. *Cf. Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975).

Against Discrimination in a timely fashion does not bar him from this court.

Plaintiff claims that, because Section 633(b) applies in this case, he is entitled to the three hundred day filing provision allowed in 29 U.S.C. § 626(d)(2).

(d) . . . Such notice shall be filed—

* * *

(2) in a case to which section 633(b) of this title applies, within three hundred days after the alleged unlawful practice occurred or within thirty days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

Read literally, this section would apply to plaintiff because I have held that, in this case, his failure to fulfill the Section 633(b) deferral requirement will not bar him from seeking his federal remedies. However, I did so by examining the purposes of Section 633(b), and, in continuing that examination, I conclude that plaintiff should not be able to claim the benefits of Section 626(d)(2).

▆ Under Section 626(d) of ADEA, plaintiff is required to give the Secretary of Labor at least sixty days notice before filing in federal court. Under Section 633(b), plaintiff is required to give the appropriate state agency at least sixty days notice as well. Therefore, in a case to which Section 633(b) applies, a claimant must wait at least one hundred twenty days before he or she can file an action in federal court under ADEA. The three hundred day time limit of Section 626(d)(2) gives a claimant one hundred eighty days to file in court after the lapse of the two required waiting periods.

▆ Because I have held that plaintiff may pursue his federal remedies despite his failure to comply with Section 633(b), he does not need the benefit of Section 626(d)(2). The intent of Section 626(d)(2) is clearly to accommodate claimants who must notify and then defer to a state authority.

Plaintiff is not now in such a position and, therefore, should not so benefit.

I turn now to the final grounds of defendant's motion to dismiss. It claims that, because plaintiff failed to give notice to the Secretary of Labor within one hundred eighty days of the alleged incident as required by 29 U.S.C. § 626(d), this court does not have jurisdiction.

29 U.S.C. § 626(d) provides:

(d) No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to file such action. Such notice shall be filed—

(1) within one hundred and eighty days after the alleged unlawful practice occurred, . . .

This notice requirement has been held to be a "jurisdictional" condition precedent to the filing of an action under ADEA. *Hiscott v. General Electric Co.*, 521 F.2d 632 (6th Cir. 1975); *Powell, supra*, 494 F.2d at 487; *Oshiro, supra*, 378 F.Supp. at 82; *Cochran, supra*, 376 F.Supp. at 303; *Burgett, supra*, 361 F.Supp. at 621; *Gebhard v. GAF Corp.*, 59 F.R.D. 504, 507 (D.D.C.1973). *Contra, Reeb, supra*, 516 F.2d 924.

Plaintiff acknowledges that he was late in filing his intent to sue notice with the Secretary of Labor. However, he urges this court to obviate the required one hundred eighty day limit because defendant failed to comply with 29 U.S.C. § 627 which provides:

Every employer, employment agency, and labor organization shall post and keep posted in conspicuous places upon its premises a notice to be prepared or approved by the Secretary setting forth information as the Secretary deems appropriate to effectuate the purposes of this chapter.

In essence, plaintiff treats the Section 626(d) filing requirement as a statute of limitations rather than a jurisdictional prerequisite and asks this court to apply the equitable doctrine of tolling stat-

utes of limitations in this case to prevent hardship and injustice. I agree.

There is no indication from the words of Section 626(d) that the one hundred eighty day notification requirement is "jurisdictional" in the sense that compliance with it, or lack thereof, determines, without any regard to other circumstances, the jurisdiction of a federal court. The Fifth Circuit Court of Appeals in *Reeb v. Economic Opportunity Atlanta, Inc., supra*, 516 F.2d 924, carefully considered the question of whether the Title VII filing requirement[6] is jurisdictional or whether it is analogous to a statute of limitations. The court found that there was no reason to conclude that the filing requirement is jurisdictional:

> We accept the view that the requirement should be analogized to statutes of limitations. Equitable modifications, such as tolling and estoppel, that are applied to them should also be applied here. The Act contemplates that complaints initiating EEOC proceedings will be brought in the first instance by laymen. It is reasonable, therefore, for courts to refuse to apply technical rules of common law pleading to charges filed initially with the Commission. *Id.*, 516 F.2d at 928.

■ I adopt the rationale of the *Reeb* court and find that Section 626(d) is not "jurisdictional" in the strict sense and that it is a requirement subject to equitable modifications. *Bishop v. Jellef Associates*, 398 F.Supp. 579 (D.D.C. 1974). *Cf. East v. Romine, Inc.*, 518 F. 2d 332 (5th Cir. 1975); *Wah Chang, supra*, 499 F.2d 187.

This holding is supported by the actual treatment afforded ADEA and Title VII plaintiffs by the courts. Many courts have labeled the filing requirements "jurisdictional" but have treated them as analogous to statutes of limita-

tions and subject to equitable modifications. *Culpepper v. Reynolds Metals Co.*, 421 F.2d 888 (5th Cir. 1970); *Antonopulos v. Aerojet-General Corp.*, 295 F.Supp. 1390 (E.D.Cal.1968); *Burgett, supra*, 361 F.Supp. 617; *Gebhard, supra*, 59 F.R.D. 504.

Conceptual confusion springs from a court's describing the ninety day requirement as "jurisdictional" but proceeding on the basis of an analogy to how statutes of limitations have been construed. Statutes of limitations, designed as they are primarily to prevent stale claims, are traditionally thought to be subject to much more flexible construction than statutes which confer subject matter jurisdiction upon courts. *Reeb, supra*, 516 F. 2d at 927.

As noted above, ADEA is remedial legislation. It is, therefore, entitled to a broad reading. It creates rights in a class of employees, the elderly employed, and it places a burden on employers to inform that class of their rights. If that burden is not met, this remedial legislation will benefit few. Congress has specifically placed this burden upon employers, and, although it did not provide for a tolling of the one hundred eighty day notification requirement, to toll the requirement would not be inconsistent with the general remedial and humanitarian purposes of ADEA.

This case does not concern a procedural default due to a lay person's lack of knowledge in the intricacies of the law; it is even more basic. Plaintiff's failure to timely file, he claims, is due to defendant's failure to notify him of his rights as required by law. Defendant should not benefit to plaintiff's detriment by its failure to fulfill the responsibilities laid upon it by Congress. It is basic to our system of justice that one should not benefit from a wrong done to another.

---

**6.** 42 U.S.C. § 2000e–5(e) provides that:

A charge under this section shall be filed within one hundred and eighty days after

the alleged unlawful employment practice occurred . . . .

. . . no man may take advantage of his own wrong. Deeply rooted in our jurisprudence this principle has been applied in many diverse classes of cases by both law and equity courts and has frequently been employed to bar inequitable reliance on statutes of limitations. *Glus v. Brooklyn Eastern District Terminal*, 359 U.S. 231, 232, 233, 79 S.Ct. 760, 762, 3 L.Ed.2d 770 (1959).

I find that plaintiff's claim, if proven, is sufficient to toll the one hundred eighty day notification requirement.

Whether defendant has failed to post notices as required by Section 627 is a factual question which must be determined before I finally rule on defendant's motion to dismiss. A hearing on this question must be held.

The Clerk of Court will schedule a hearing on this issue as soon as possible.

So ordered.