John D. DAVIS, Plaintiff,

v.

RJR FOODS, INC., Defendant.

No. 75 Civ. 4862.

United States District Court, S. D. New York.

Oct. 8, 1976.

Colman & Liner, New York City, for plaintiff; Leon Liner, New York City, of counsel.

Davis, Polk & Wardwell, New York City, for defendant; James W. B. Benkard, Sheila T. McMeen, New York City, of counsel.

## MEMORANDUM

LASKER, District Judge.

John D. Davis brings this action against RJR Foods, Inc., alleging unlawful age discrimination in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq. Defendant moves to dismiss the complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

■ Davis alleges that he was discharged from his executive position as brands director of RJR when that company's management underwent a change and instituted a policy terminating the employment of older employees. Davis, aged 49 at the time, received notice of his termination on or about June 6, 1972, although he continued to receive the benefits of employment (including salary, life insurance coverage, medical insurance coverage and other fringe benefits) until October 6, 1972.[1] On June 27, 1974 Davis filed a formal complaint of willful age discrimination with the United States Department of Labor (DOL). Thereafter the DOL began its investigation of the matter, determining, approximately sixteen months later, that the case was inappropriate for agency action. On October 2, 1975, Davis instituted this proceeding. He seeks reinstatement and back pay from 1972 to the present, or alternatively, $500,-000. in compensatory damages and $5,000,-000. punitive damages.

RJR moves to dismiss the complaint on the grounds of Davis' failure to comply with the procedural mandates of the ADEA. Davis neither filed a timely notice of intent to sue with the Secretary of Labor, 29 U.S.C. § 626(d),[2] nor commenced proceedings under State law prior to commencing his federal suit, 29 U.S.C. § 633(b).[3]

In answer, Davis asserts that the filing requirements of 29 U.S.C. § 626(d) and the

1. Davis suggests that the court should accept the October date, rather than the June date on which he received notice of termination, as the time from which all filing and limitations requirements are to be measured. By his own admission Davis' services for RJR ceased on June 6, 1972. Although he continued to receive his salary and other benefits until October 6th, this in no way prolongs his actual employment with RJR. A logical extension of Davis' reasoning would equate the receipt of pension benefits by a retired employee with continuous employment. Such a proposition is patently without foundation.

2. "(d) No civil action may be commenced by any individual under this section until the individual has given the Secretary not less than sixty days' notice of an intent to filed such action. Such notice shall be filed—

    (1) within one hundred and eighty days after the alleged unlawful practice occurred, or

    (2) in a case to which section 633(b) of this title applies, within three hundred days after the alleged unlawful practice occurred or within thirty days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.

Upon receiving a notice of intent to sue, the Secretary shall promptly notify all persons named therein as prospective defendants in the action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion." 29 U.S.C. § 626(d).

3. "Limitation of Federal action upon commencement of State proceedings

    (b) In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been

deferral requirement of § 633(b) are inapplicable to cases of willful discharge. Proceeding on this theory Davis argues that his suit was timely filed because it came within the three year statute of limitations (the period applicable to a willful violation).[4] Davis also denies that resort to State remedies is a prerequisite to bringing suit in federal court. Finally, he ·alleges that his employment by Dancer Fitzgerald Sample, Inc., the advertising agency retained by the defendant, approximately 180 days after his employment benefits with defendant ceased, lulled him "into a false sense of security" and deprived him of his "rights in law."

### I.

*Filing Requirements Under the ADEA*

The ADEA requires that before bringing suit in a federal court a plaintiff must, within 180 days of the alleged act of discrimination, file a notice of intent to sue with the Secretary of Labor. 29 U.S.C. § 626(d)(1). If the State in which the unlawful practice occurs has enacted a law prohibiting discrimination in employment, the period is extended to 300 days after the discharge.[5] The prerequisite to suit whether regarded as jurisdictional or otherwise, enables the Secretary to undertake conciliation efforts promptly and insures "that potential defendants become aware of their status and the possibility of litigation reasonably soon after the alleged discrimina-

tion . . . ." *Powell v. Southwestern Bell Telephone Company*, 494 F.2d 485, 488 (5th Cir. 1975). Considerable authority exists for the proposition that the filing requirement is a jurisdictional "prerequisite to the right to file any suit whatsoever under the ADEA." *Id.* at 487. *See also Ott v. Midland-Ross Corp.*, 523 F.2d 1367 (6th Cir. 1975); *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.*, 515 F.2d 1195 (5th Cir. 1975); *Raynor v. Great Atlantic & Pacific Tea Co.*, 400 F.Supp. 357 (E.D.Va. 1975); *Oshiro v. Pan American Airways, Inc.*, 378 F.Supp. 80 (D.Hawaii 1974); *Gebhard v. GAF Corp.*, 59 F.R.D. 504 (D.D.C. 1973). Nevertheless, there is also respectable support for the view that the filing requirement amounts to a statute of limitations only and that accordingly it may be tolled. *See Dartt v. Shell Oil Company*, 539 F.2d 1256 (10th Cir. 1976); *Skoglund v. Singer Company*, 403 F.Supp. 797 (D.N.H. 1975). Such tolling has been found proper where the plaintiff was a layman with little litigation experience, *Skoglund, supra*, at 801; where the plaintiff had been misinformed by the Department of Labor when seeking timely advice, *Dartt, supra; cf. Vaughn v. Chrysler*, 382 F.Supp. 143, 146 (E.D.Mich.1974); or where the defendant employer has not advised the plaintiff of his rights by posting notices as to the provisions of the ADEA as required by 29 U.S.C. § 627.[6] *Skoglund, supra*, at 804. Whatever the factual situation, the equities must clearly warrant such an extension of time.

---

commenced under the State law, unless such proceedings have been earlier terminated: *Provided*, That such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State law. If any requirement for the commencement of such proceedings is imposed by a State authority other than a requirement for the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State authority." 29 U.S.C. § 633(b).

4. 29 U.S.C. § 626(e) incorporates § 255 of that title which provides in pertinent part:
   "(a) . . . the cause of action accruing on or after May 14, 1947—may be com-

menced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued;"
   29 U.S.C. § 255(a).

5. The statute provides an alternative:
   "or within thirty days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier."
   29 U.S.C. § 626(d)(2).

6. "Every employer, employment agency, and labor organization shall post and keep posted in conspicuous places upon its premises a

## II.

### The Federal/State Relationship

Section 633 of the ADEA addresses the relationship between Federal and State agencies charged with enforcement of age discrimination statutes. Where the State in which the alleged discriminatory act occurred has enacted a statute similar to the ADEA, any action by the Secretary of Labor must initially defer to action by the appropriate state agency. In the language of § 633, no federal action may be instituted "before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated . . . ." 29 U.S.C. § 633(b). Several courts have interpreted this language to require resort to State agencies prior to commencing suit in federal court although they have also noted that equitable considerations may justify waiver of this requirement. See *Goger v. H. K. Porter Co.*, 492 F.2d 13 (3d Cir. 1974); *Vaughn v. Chrysler, supra,* at 144–46; *Smith v. Crest*, 9 E.P.D. ¶ 10,053 (W.D.Ky. 1974); But see *Vazquez v. Eastern Airlines,* 405 F.Supp. 1353 (D.Puerto Rico 1975) holding that § 633 does not require initial resort to a State agency at all.

New York Human Rights Law § 296 (McKinney Executive Law 1975) prohibits discrimination on account of age. Thus, according to the predominant authority Davis must have initially pursued his State remedies with the appropriate State agency unless some countervailing considerations, as for example, detrimental reliance upon official advice, *Vaughn v. Chrysler, supra,* at 146, exist to justify equitable waiver of the deferral requirement.

## III.

### Applicability of the ADEA Filing and Deferral Requirements to Davis

■ It is unnecessary to decide whether the filing requirements of § 626(d) and

notice to be prepared or approved by the Secretary setting forth information as the

the deferral requirements of § 633(b) are jurisdictional prerequisites or more flexible rules subject to tolling or waiver in light of equitable considerations, since in the case at hand, the facts do not warrant a departure from the general rule. Davis is not a layman but an attorney admitted to the bar in the State of Ohio, although he has never practiced law. Discharged in June of 1972, he did not file his complaint with the DOL until two years later, in apparent disregard of the ADEA requirement that notice of intent to sue be filed with the DOL a maximum of three hundred days after discharge, (the period applicable where the State in which the offense occurred has a law prohibiting discrimination). Moreover, § 626(d) requires that the Secretary of Labor be served with notice of intent to file suit. A mere complaint lodged with the Department of Labor is insufficient to fulfill this plain mandate. *Dartt v. Shell Oil Co.*, 539 F.2d 1256 (10th Cir. 1976); *Powell v. Southwestern Bell Telephone Co.,* 494 F.2d 485, 489 (5th Cir. 1975); *Grossfield v. Saunders,* 1 FEP cases 624 (S.D.N.Y.1968); *contra, Woodford v. Kinney Shoe Corp.*, 369 F.Supp. 911 (N.D.Ga.1973).

■ Davis argues that the notice requirement does not apply to a willful violation. The statute, however, makes no distinction between the filing requirements for willful and nonwillful violations, although it does distinguish between the two types of violations for purposes of the statute of limitations. (A willful violation invokes a three year period of limitations, while a nonwillful violation invokes only a two year period.) 29 U.S.C. § 626(e) Indeed, in *Gebhard v. GAF, supra,* where the plaintiff alleged that he was discharged as "part of a calculated plan to replace senior employees with their younger counterparts," the district court for the District of Columbia dismissed the action for failure to comply with the notice requirement of § 626(d). *Id.* at

Secretary deems appropriate to effectuate the purposes of this chapter.
29 U.S.C. § 627.

**934**

506. Moreover, it is clear that the notice requirement of § 626(d) is in addition to the statute of limitations and a claimant may lose his rights under the Act by failure to observe the notice requirements even though the statute of limitations has not yet run. *See Powell v. Southwestern Bell Telephone Co., supra.* Thus, in the instant case, even if there had been a willful violation which invoked a three year statute of limitations, this fact does not excuse plaintiff's failure to undertake his obligation to file a notice of intent to sue with the Secretary of Labor.

■ Davis' final defense is that he was lulled into a false sense of security when hired by Dancer Fitzgerald Sample, Inc., whom he describes as a "captive" of the defendant. He requests an evidentiary hearing to determine whether his employment by Dancer Fitzgerald, six months after the date which he perceives as his date of discharge, (October 6, 1972) was a "mere coincidence of the calendar or . . . deliberate timing by a defendant with his own advertising agency . . . to . . . deprive [Davis] of [his] rights in law." Since October 6th is unacceptable as Davis' termination date (see note 1), his vague suggestion that his employment by Dancer Fitzgerald was calculated to coincide with the 180 day filing requirement of § 626(d) loses much of its force. Moreover, his unsupported claim that Dancer Fitzgerald is RJR's "captive," or that his employment by them was part of a plot to extinguish his right to sue, is altogether insufficient to warrant an evidentiary hearing.

For the reasons stated, the defendant's motion to dismiss is granted.

It is so ordered.