**Edward ENOS, Plaintiff,**

v.

**KAISER INDUSTRIES CORP., Defendant.**

Civ. A. No. 77-1795.

United States District Court, District of Columbia.

Jan. 16, 1978.

---

Dale C. Saliba, Alexandria, Va., for plaintiff.

Anthony J. Obadal, Alan D. Cirker, Steven R. Semler, Washington, D. C., for defendant.

## MEMORANDUM OPINION and ORDER

FLANNERY, District Judge.

This matter comes before the court on defendant's motions for change of venue to the Northern District of California and to dismiss the complaint. Kaiser Industries Corp. is a Nevada corporation that has its corporate headquarters in Oakland, California. In May of 1975 the plaintiff mailed an unsolicited resume to the defendant's Oakland, California office seeking employment in Saudi Arabia. On June 10, 1975 the defendant telephoned the plaintiff at his Washington, D. C. home to discuss his application. During the course of the conversation the defendant determined that the plaintiff could not qualify for any overseas position with the defendant because all of the positions required a three-year commitment to overseas assignment which the plaintiff could not fulfill in view of the defendant's mandatory retirement age of 65. At that time, the plaintiff was 63. On June 12, 1975 the defendant wrote a letter to the plaintiff explaining its decision. The plaintiff contacted the United States Department of Labor's Hyattsville, Maryland office on June 16, 1975. Plaintiff's complaint was transferred to the Department's Oakland office which ultimately determined

that the defendant did not have to hire the plaintiff and, therefore, did not discriminate against him.

On or about June 10, 1977 the plaintiff filed an action against the defendant alleging discrimination on the basis of age in the United States District Court for the Eastern District of Virginia. On October 17, 1977 that action was voluntarily dismissed without prejudice. This action was filed on October 17, 1977.

Defendant's motion to dismiss will be discussed first because it renders moot the change of venue issue. In its motion to dismiss, the defendant raises two issues: (1) that the court lacks subject matter jurisdiction; and (2) that the action is barred by the statute of limitations. As to jurisdiction, the defendant asserts that the plaintiff has failed to fulfill two jurisdictional prerequisites: 1) the plaintiff failed to pursue state administrative remedies as required by statute; and 2) the plaintiff failed to file notice of intent to sue with the Secretary of Labor as required by statute. The defendant contends that satisfaction of these procedural prerequisites is required by the Age Discrimination in Employment Act (ADEA). *See* 29 U.S.C. §§ 626(d), 633(b) (1970).

Section 633(b) states that:

In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated . . . .

Courts interpreting this section have held that it is a jurisdictional requirement that a plaintiff must give an appropriate state agency, where available, an opportunity to consider and attempt to conciliate a discrimination complaint for 60 days prior to his bringing suit. *E. g., Curry v. Continental Airlines,* 513 F.2d 691, 693 (9th Cir. 1975); *Goger v. H. K. Porter Co., Inc.,* 492 F.2d 13, 15–16 (3rd Cir. 1974); *Vaughn v. Chrysler. Corp.,* 382 F.Supp. 143, 146 (E.D. Mich.1974). *But see Skoglund v. Singer Co.,* 403 F.Supp. 797, 802–03 (D.N.H.1975).[1] In *Goger* the Third Circuit relied, in part, on the similarity between § 633(b) and § 706(b) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(b). 492 F.2d at 15–16. Thus, a preliminary resort to state remedies is a jurisdictional prerequisite.

The act giving rise to this suit was a telephone call placed by the defendant in California to the plaintiff, then residing in the District of Columbia. The issue of which state's law would apply here need not be considered because both states provide an administrative scheme that meets the requirements of § 633(b). *See* Cal.Lab.Code §§ 1420.1, 1421–1433 (West 1971 & Supp. 1977); Title 34, D.C. Rules & Regs. §§ 11.1, 29.1–35.3 (Human Rights Law) (1973). The plaintiff did not seek relief from either the District of Columbia Office of Human Rights or the California Fair Employment Practices Commission.

The plaintiff suggests that if he was required to pursue a state administrative remedy it would have been in the District of Columbia. He asserts that such an attempt would have been futile. In support of this contention he cites a report by the District of Columbia Auditor entitled *Timeliness in Enforcement of Human Rights Law and the Effect of the Council Transfer of Equal Opportunity Personnel* (July 28, 1977). Although the report indicates that there are frequent delays in the processing of complaints by the Office, it does not establish that filing a complaint with the

---

1. In *Skoglund* it appeared that Judge Bownes held that compliance with § 633(b) was not a jurisdictional requirement. 403 F.Supp. at 802–03. In a later case, however, Judge Bownes stated the requirements "were subject to equitable modifications, where the situation so demanded" and rejected the "assertion that there is no need at all to file with the applicable state agency." *Gray v. New England Telephone & Telegraph Co.,* 16 Fair Empl.Prac.Cas. (BNA) 77, 78 (D.N.H.1977).

Human Rights Office would have been a futile gesture by the plaintiff. Under § 633(b), if a plaintiff's claim is not resolved by the state agency in 60 days he is free to pursue his judicial remedy. This safeguard protects a complainant from lengthy delays at the state level. Therefore, the court must also find that the plaintiff failed to comply with § 633(b).

The second jurisdictional problem concerns plaintiff's failure to file a written notice of his intent to sue with the Secretary of Labor pursuant to 29 U.S.C. § 626(d). Section 626(d) states that "no civil action may be commenced . . . until the individual has given the secretary . . . notice of an intent to file such action." The section goes on to state that the "notice shall be filed" within certain time periods. These time periods have expired in this case without the plaintiff filing a written notice of his intent to sue. Plaintiff claims that he orally notified the Secretary of his intent to sue. The defendant challenges this assertion.

█ Even if the plaintiff did give oral notice, it was insufficient for it has been held that the statutory provision requires written notice. *E. g., Berry v. Crocker National Bank,* 13 Fair Empl.Prac.Cas. (BNA) 673, 679 (N.D.Cal.1976); *Hughes v. Beaunit Corp.,* 12 Fair Empl.Prac.Cas. (BNA) 1564, 1564–65 (E.D.Tenn.1976); *Burgett v. Cudahy Co.,* 361 F.Supp. 617, 621 (D.Kan.1973). *But see Woodford v. Kinney Shoe Corp.,* 369 F.Supp. 911, 914–915 (N.D. Ga.1973). Plaintiff's filing a complaint with the Department of Labor also was not sufficient to satisfy the § 626(d) notice requirements. *See, e. g., Dartt v. Shell Oil Co.,* 539 F.2d 1256 (10th Cir. 1976), *cert. granted,* 429 U.S. 1089, 97 S.Ct. 1097, 51 L.Ed.2d 534 (1977); *Berry v. Crocker National Bank, supra,* 13 Fair Empl.Prac.Cas. (BNA) at 679; *Acford v. Exxon Corp.,* 12 Fair Empl.Prac.Cas. (BNA) 1500, 1502 (D.Conn.1975). It is clear that the statute contemplated specific written notice of a complainant's intent to sue. The notice requirement has been held to be a jurisdictional prerequisite to suit. *Hiscott v. General Electric Co.,* 521 F.2d 632, 633–34 (6th Cir. 1975); *Edwards v. Kaiser Aluminum & Chemical Sales, Inc.,* 515 F.2d 1195, 1199–2000 (5th Cir. 1975); *Gebhard v. GAF Corp.,* 59 F.R.D. 504, 507 (D.D.C.1973). Therefore, the plaintiff also has failed to meet this jurisdictional prerequisite.

█ In holding that this action must be dismissed because the plaintiff failed to comply with the jurisdictional prerequisites of sections 626(d) and 633(b), the court also has considered the particular circumstances of this case to determine whether equitable considerations might warrant special relief for the plaintiff. *See Skoglund v. Singer Co.,* 403 F.Supp. 797, 802–804 (D.N.H.1975); *Woodford v. Kinney Shoe Corp.,* 369 F.Supp. 911, 915 (N.D.Ga.1973). The court expresses no opinion on the propriety of relief from the jurisdictional requirements of the statute because the facts of this case do not warrant any relief. After contacting the Department of Labor in June of 1975, the plaintiff received a copy of a pamphlet summarizing the provisions of the ADEA from the Department. *See* Letter of July 16, 1975, Exhibit 6 to defendant's Motion to Dismiss the Complaint. In reference to the pamphlet, the letter from the Department specifically noted that "there are certain requirements with specific time limits governing the circumstances under which an employee may file his own suit under the Act." Thus, the court cannot excuse the plaintiff's failure to comply with the jurisdictional prerequisites imposed by the ADEA.

█ The second issue raised by the defendant in its motion to dismiss is the statute of limitations issue. The statute of limitations also serves as an additional factor requiring dismissal of this action. The statute of limitations for the ADEA requires that a civil action be commenced within two years of the allegedly unlawful practice, except in the case of a wilful violation where the time is extended to three years. 29 U.S.C. § 626(e) (1970) (incorporating 29 U.S.C. § 255). Here the allegedly unlawful practice occurred on June 10, 1975. Defendant contends that the statute

had run before this action was filed on October 17, 1977.

On June 10, 1977 the plaintiff filed an action identical to the present one in the United States District Court for the Eastern District of Virginia. That action was voluntarily dismissed, allegedly due to jurisdictional problems, on October 17, 1977 and this action was commenced on the same day. Plaintiff asserts that the statute of limitations was tolled while the other suit was pending in Virginia. The plaintiff has not asserted that the alleged violation was wilful so as to invoke the three-year period.

As the Sixth Circuit stated in *Bomer v. Ribicoff*:

"An action dismissed without prejudice leaves the situation the same as if the suit had never been brought. In the absence of a statute to the contrary a party cannot deduct from the period of the statute of limitations the time during which the action so dismissed was pending."

304 F.2d 427, 428–29 (6th Cir. 1962) (citations omitted). This is precisely the situation that this court is faced with, therefore, the suit in Virginia did not serve to toll the statute of limitations because it was voluntarily dismissed without prejudice to the defendant. To now hold that the action served to continue the plaintiff's rights against the defendant would, in fact, be prejudicial to the defendant. Thus, this action is also barred by the statute of limitations.

Upon consideration of defendant's motion to dismiss and the opposition thereto, in accordance with the memorandum opinion above, it is, by this court, this 16th day of January, 1978,

ORDERED that defendant's motion to dismiss be, and the same hereby is, granted; and it is further

ORDERED that this action be, and the same hereby is, dismissed.