**Philip BOOTHE, Plaintiff,**

v.

**The NEW YORK ASSOCIATION FOR THE BLIND, Defendant.**

No. 81 Civ. 4105.

United States District Court, S. D. New York.

Oct. 23, 1981.

Philip Boothe, pro se.

Hale, Grant, Meyerson, O'Brien & McCormick, New York City, (Vincent J. Maroney, New York City, of counsel), for defendant.

SOFAER, District Judge:

The plaintiff, Philip Boothe, is a forty-nine year old black man. His complaint alleges employment discrimination on the basis of age and race in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634, and Title VII of the Civil Rights Act of 1964, the Equal Employment Opportunity Act ("EEOA"), 42 U.S.C. §§ 2000e–2000h–6. The defendant (plaintiff's former employer) responded to the complaint with a motion to dismiss asserting that plaintiff is barred from seeking relief in federal court because he failed to comply with the timeliness requirements of both the ADEA and the EEOA. 29 U.S.C. § 626(d)(1) and (2); 42 U.S.C. § 2000e–5(e). Plaintiff asserts that he has met the time mandates of those statutes.

Plaintiff was hired as a shipping clerk by the defendant, the New York Association for the Blind, on July 7, 1977, and discharged after resignation on February 28, 1979. According to his complaint, plaintiff was transferred to clerical positions in lieu of preferred positions, which were filled by younger, less qualified employees; he was forced to perform messenger duties, while younger employees were not; and he was harassed by being spoken to in a demeaning manner by his supervisor and two co-workers. Plaintiff alleges that those acts of discrimination forced him to resign. He seeks damages in the amount of five years salary plus punitive damages.

A cause of action arising out of a willful violation of the ADEA may be commenced within three years of its accrual. But this limitation is conditioned upon compliance with the notice statute. *Reich v. Dow Badishe Co.*, 575 F.2d 363, 370, (2d Cir.), *cert. denied*, 439 U.S. 1006, 99 S.Ct. 621, 58 L.Ed.2d 683 (1978); *Davis v. RJR Foods, Inc.*, 420 F.Supp. 930 (S.D.N.Y.1976), *aff'd*, 556 F.2d 555 (2d Cir. 1977); *Hiscott v. General Electric Co.*, 521 F.2d 632 (6th Cir. 1975). In order for an employee to commence a civil action he must file a notice of intent to sue with the Secretary of Labor within one hundred and eighty days after the alleged unlawful practice occurred; in cases in which state proceedings can be commenced, the employee has three hundred days to notify the Secretary. *Goodman v. Heublein, Inc.*, 645 F.2d 127 (2d Cir. 1981); *Ewald v. Great Atlantic & Pac. Tea Co., Inc.*, 449 U.S. 914, 101 S.Ct. 311, 66 L.Ed.2d 143 (1980), *vacating and remanding* 620 F.2d 1183 (6th Cir. 1980) (Supreme Court vacated circuit court ruling that required filing of notice with federal or state government within 180 days for reconsideration in light of *Mohasco Corp. v. Silver*, 447 U.S. 807, 816 n.19, 100 S.Ct. 2486, 2491 n.19, 65 L.Ed.2d 532 (1980)). Title VII of the EEOA similarly provides that in order for an employee to commence a civil action he must file a charge with the Equal Employment Opportunity Commission ("EEOC") within one hundred eighty days after the alleged unlawful practice occurred; in cases in which state proceedings can be commenced, the employee has three hundred days to file. 42 U.S.C. § 2000e–5(e). *Mohasco Corp. v. Silver, supra*, 447 U.S. at 816 n.19, 100 S.Ct. at 2491 n.19.

Plaintiff filed his initial complaint with the Secretary of Labor on January 24, 1980, three hundred and thirty days after the alleged violation occurred. The complaint was sufficient to constitute notification, since defendant has not contended otherwise. Furthermore, although some courts have held that merely furnishing information to the Secretary or requesting that a federal agency commence proceedings does not constitute sufficient notice of intent to sue, *Hiscott v. General Electric Co., supra*, 521 F.2d at 634; *Powell v. Southwestern Bell Telephone Co.*, 494 F.2d 485, 489 (5th Cir. 1974), other courts—including courts in this circuit—have recognized that persons making ADEA (or EEOA) complaints typically are not lawyers and therefore should not be subject to strict rules of pleading, *Love v. Pullman Co.*, 404 U.S. 522, 526–27, 92 S.Ct. 616, 618–19, 30 L.Ed.2d 679 (1972); *Egelston v. State Univ. College at Genesco*, 535 F.2d 752, 754 (2d Cir. 1976); *Cowlishaw v. Armstrong Rubber Co.*, 425 F.Supp. 802, 807 (E.D.N.Y.1977); *Pandis v. Sikorsky Aircraft Division of United Technologies Corp.*, 431 F.Supp. 793, 799 (D.Conn.1977); *Franci v. Avco Corp.*, 460 F.Supp. 389, 395 (D.Conn. 1978).

On April 18, 1980, four hundred and five days after the alleged violation, plaintiff filed a complaint with the Commission of Human Rights of the City of New York. He subsequently notified the New York District Office of the EEOC on May 14, 1980, four hundred and forty-one days after the purported discrimination. Pursuant to plaintiff's complaint, the Commission of Human Rights of the City of New York conducted an investigation and issued a report dated April 30, 1981. On June 26, 1981, plaintiff received a notice of "right to sue" from the EEOC. This suit was commenced on July 2, 1981.

Because New York is a deferral state, the 300-day, rather than the 180-day, notice requirements apply to plaintiff. Yet plaintiff has failed to comply with both statutory mandates: his ADEA notice was 30 days late and his EEOA notice was 141 days late. Absent a showing of circumstances that could toll the timely notice statutes, therefore, plaintiff's suit must be dismissed.

The notice requirement of the ADEA has been held to be a mandatory prerequisite to jurisdiction in federal court. *Newcomer v. International Business Machines Corp.*, 598 F.2d 968 (5th Cir.) *cert. denied*, 444 U.S. 984, 100 S.Ct. 491, 62 L.Ed.2d 413 (1979); *Quina v. Owens-Corning Fiberglass Corp.*, 575 F.2d 1115 (5th Cir. 1978). *See also Harris v. Norfolk & W. Ry.*, 616 F.2d 377,

379 (8th Cir. 1980) (time limitations in EEOA are jurisdictional). Courts have consistently held, however, that equitable considerations can modify the notice requirement. *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924 (5th Cir. 1975); *Dartt v. Shell Oil Co.*, 539 F.2d 1256 (10th Cir. 1976), *aff'd without opinion*, 434 U.S. 99, 98 S.Ct. 600, 54 L.Ed.2d 270 (1977); *Coke v. General Adjustment Bureau*, 640 F.2d 584 (5th Cir. 1981); *Nielson v. Western Electric Co.*, 603 F.2d 741 (8th Cir. 1979); *Bonham v. Dresser Industries, Inc.*, 569 F.2d 187 (3rd Cir. 1977). The similarities between the ADEA and the EEOA have led courts to refer to interpretations of the notice provision in the EEOA when applying the comparable notice provision of the ADEA. *Oscar Mayer & Co. v. Evans*, 441 U.S. 750, 99 S.Ct. 2066, 60 L.Ed.2d 609 (1979); *Goodman v. Heublein, supra; Dartt v. Shell Oil Co., supra; Skoglund v. Singer Co.*, 403 F.Supp. 797 (D.N.H.1975). In evaluating whether the EEOA time period was jurisdictional the Fifth Circuit held:

> The ratio decidendi, of the leading cases dealing with timing requirements under the Act compels the conclusion that the ninety day requirement (amended in 1972 to 180 days) is not "jurisdictional" in the sense that compliance with it vel non determines the jurisdiction of the district court, without respect to any of the other circumstances in a particular case. We accept the view that the requirement should be analogized to statutes of limitations. Equitable modifications, such as tolling and estoppel, that are applied to them should also be applied here.

*Reeb v. Economic Opportunity Atlanta, Inc., supra*, 516 F.2d at 928. The court pointed out that complaints initiating EEOA proceedings are often brought by laymen and that it therefore is reasonable to apply equitable modifications to the notice statute.

The ADEA, like the EEOA, is remedial and humanitarian legislation that has been liberally construed to effectuate the congressional purpose of protecting employees from discrimination. *Moses v. Falstaff Brewing Corp.*, 525 F.2d 92 (8th Cir. 1975);

*Woodford v. Kinney Shoe Corp.*, 369 F.Supp. 911 (N.D.Ga.1973). Cases have accordingly held that an employee's failure to file a timely complaint may be excused in appropriate circumstances. *Wright v. State of Tennessee*, 628 F.2d 949 (6th Cir. 1980). *Jackson v. Alcan Sheet & Plate*, 462 F.Supp. 82 (N.D.N.Y.1978); *Skoglund v. Singer Co., supra*, 403 F.Supp. at 804; *Dartt v. Shell Oil Co., supra; Reeb v. Economic Opportunity Atlanta, supra.*

In defining relevant equitable considerations for tolling the notice requirements, courts have balanced the actions of the employee against the underlying purpose of the notice requirement. The goal of the notice statute essentially is two-fold. It provides the government agency with an opportunity to achieve a conciliation while the complaint is not stale, and it gives early notice to the employer of a possible lawsuit, which promotes the preservation of evidence and good-faith negotiating during the conciliation period. *Dartt v. Shell Oil Co., supra*, 539 F.2d at 1261. Among the specific considerations courts have weighed, therefore, are the extent of plaintiff's untimeliness, whether the employer was responsible for plaintiff's failure to act in time, and whether the employer was aware of plaintiff's intent to sue. *See, e. g., Dartt v. Shell Oil Co., supra* (notice requirement of ADEA tolled 36 days because of employer's lack of cooperation with state investigation authorities, which contributed to employee's delay in filing charges); *Reeb v. Economic Opportunity Atlanta, supra* (EEOA notice requirement tolled 3 months where plaintiff was not informed until 7 months after discharge that she was replaced by allegedly less qualified male); *Skoglund v. Singer, supra* (statutory period tolled by failure to comply with notice requirements of ADEA caused by employer's failure to post required ADEA notices). *See also Pirone v. Home Ins., Co.*, 507 F.Supp. 1281, 1287 (S.D.N.Y.1981); *Coke v. General Adjustment Bureau, supra; Leake v. University of Cincinatti*, 605 F.2d 255 (6th Cir. 1979); *Hart v. J. T. Baker Chemical Co.*, 598 F.2d 829 (3d Cir. 1979); *Cooper*

*v. Bell*, 628 F.2d 1208 (9th Cir. 1980); *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429 (D.C.Cir.1976), *cert. denied*, 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978).

Plaintiff has made no record that could excuse his untimely suit. Absent circumstances that warrant an equitable extension of the prescribed periods, the complaint must be dismissed. Plaintiff is pro se, however, and is therefore given thirty days from the date of this order within which to allege factual circumstances that could toll the statutory periods. Defendant will respond within ten days thereafter.

SO ORDERED.