**Michael Kenneth ABSHIRE, Plaintiff,**

v.

**CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY, an Indiana corporation, Defendant.**

**No. 72 C 311.**

United States District Court, N. D. Illinois, E. D.

Dec. 11, 1972.

John W. Thompson, Chicago Heights, Ill., for plaintiff.

J. J. Hanenburg, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on defendant's motion to dismiss the complaint. This is an action to redress alleged deprivation of the plaintiff's civil rights pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1870, 42 U.S.C. § 1981.

The plaintiff is a male United States citizen who resides in the State of Illinois. The defendant, the Chicago and Eastern Illinois Railroad Company, is an Indiana corporation doing business in the State of Illinois in the greater Chicago area. The defendant company is engaged in the operation and maintenance of railroad service and is an employer within the meaning of 42 U.S.C. § 2000e(b) and (c). More specifically, the defendant corporation is engaged in an industry affecting commerce, and employs at least 25 persons.

In his complaint, plaintiff alleges, *inter alia*, the following facts:

1. Prior to the 5th of April, 1971 the plaintiff, Michael Kenneth Abshire, was

employed as a switchman by the Chicago and Eastern Illinois Railroad Company.

2. The plaintiff was dismissed from said employment on or about the 5th of April, 1971 because of the length of his hair. At that time the plaintiff's hair was the same length as that of females who were employed by the defendant.[1]

3. On August 11, 1971, the plaintiff filed written charges of such discrimination, under oath, with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC"), alleging denial by the defendant of petitioner's rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

4. The complaint was filed with this Court within 30 days after the plaintiff received a letter from the EEOC stating that he was entitled to institute a civil suit in the appropriate federal District Court.

In his prayer for relief, the plaintiff requests both monetary and injunctive relief.

The defendant, in support of its motion to dismiss, contends that the plaintiff has failed to exhaust his state remedies. In particular, the defendant contends that plaintiff has never applied to the Illinois Fair Employment Practices Commission, as required by § 706(b) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(b).

It is the opinion of this Court that the plaintiff has failed to allege a proper basis for jurisdiction in this Court under 42 U.S.C. § 2000e-5(b) and § 1981.

I. THE PLAINTIFF HAS FAILED TO FULFILL THE JURISDICTIONAL REQUIREMENT OF § 706(b) OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e-5(b).

■ It is well settled that subsection 2000e-5(b) contains a clear mandate requiring the victim of an alleged unlawful employment practice to proceed under available state statutes and administrative remedies before a charge can be filed with the EEOC.[2] See Equal Employment Opportunity Commission v. Union Bank, 408 F.2d 867 (9th Cir. 1969); Stebbins v. Nationwide Mutual Insurance Company, 382 F.2d 267 (4th Cir. 1967), cert. denied, 390 U.S. 910, 88 S.Ct. 836, 19 L.Ed.2d 880 (1968). Illinois, the situs of the alleged discrimination, has a Fair Employment Practices Act and a Fair Employment Practices Commission. See 48 Ill.Rev.Stat. § 851 et seq. The parties have represented to this Court that neither the plaintiff, nor the EEOC, have filed a complaint under the Illinois Fair Employment Practices Act.[3]

---

1. The plaintiff, a railroad switchman, alleged that his hair was the same length as females who were similarly situated in the defendant's employ. However, plaintiff has failed to present this Court with information as to whether any of the said female employees were also employed as switchmen.

2. Section 706(b) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(b) provides, in relevant part:

> (b) In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect

thereto upon receiving notice thereof, no charge may be filed under subsection (a) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, . . . .

3. In the recent case of Love v. Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), the United States Supreme Court held that the requirement of § 2000e-5(b) could be met by having the EEOC file a complaint on behalf of the aggrieved party with the State agency. The parties have represented to this Court that the EEOC has not so acted in the instant action. This apparent failure on the part of the EEOC seems to be in direct conflict with its expressed policy and authority. As

■ The defendant, in addition to its verbal statement to this Court, has submitted an affidavit from Maxine Longanecker, Administrative Assistant to the Director of the Illinois Fair Employment Practices Commission, which attests to the fact that the docket book of the Commission reveals no charge of employment discrimination filed by or on behalf of the plaintiff against the defendant. The plaintiff's claim of alleged sexual discrimination as the cause for his discharge from employment by the defendant is actionable under Chapter 48 § 853(a) of the Illinois Revised Statutes.[4] The Illinois Fair Employment Practices Commission is empowered to grant the plaintiff adequate relief under §§ 856 and 858 of Chapter 48 of the Illinois Revised Statutes. Illinois Fair Employment Commission can enforce its orders by petitioning an Illinois State Court. See Chapter 48 § 861 of the Illinois Revised Statutes.

It is undisputed that the plaintiff has not availed himself of the benefits of the Illinois Fair Employment Statute or the Illinois Fair Employment Practices Commission. The plaintiff has failed to exhaust state administrative and judicial remedies before going to the EEOC or filing his complaint before this Court.

Clear language of § 706(b) of the act, 42 U.S.C. § 2000e–5(b) needs no interpretation. However, the legislative history underlying 42 U.S.C. § 2000e–5(b) reveals important reasons why complaints must first be filed with the State agency if there is an appropriate State statute. See 110 Cong.Rec., Part 10, 13008 and 12721 (1964). The exhaustion requirement was not part of Title VII when it first emerged from the House of Representatives.[5] This requirement was part of the "leadership compromise agreement" introduced in the Senate to combat the objections raised by various Senators that the House version did not give sufficient deference to the sovereignties of the respective states. Senator Dirksen, who along with Senators Mansfield, Humphrey and Kuchel, was part of a leadership team that proposed the amendment, noted:

> [W]ith respect to the enforcement of the title, we undertook to keep primary, exclusive jurisdiction in the hands of the State Commissions for a sufficient period of time to let them work out their own problems at the local level.

110 Cong.Rec. 13087 (1964) [6]

■ It is well settled that where rights asserted in a court are statutory in nature, compliance with the statute in

---

regulation § 1601.12, 29 C.F.R. § 1601.12, (F.R.Doc. 68–13553, effective November 7, 1968) provides in relevant part:
The aggrieved party shall be notified in writing, that the document which he sent to the Commission has been forwarded to the state or local agency pursuant to the provisions of § 706(b), and that unless the Commission is notified to the contrary, on the termination of state or local proceedings, or after 60 days have passed, whichever comes first, the Commission will consider the charge to be filed with the Commission and commence processing the case.

4. Subsection 853(a) of Chapter 48 of the Illinois Revised Statutes provides, in relevant part:
It is an unfair employment practice:
(a) For any employer, because of the race, color, religion, national origin or ancestry of an individual to refuse to hire, to segregate, or otherwise to discriminate against such individual with respect to hire, selection and training for apprenticeship in any trade or craft, tenure, terms or conditions of employment; . . . .
The Statute was amended to include sex by P.A. 77–1342 passed June 14, 1971 and effective August 27, 1971.

5. See the remarks of Senator Everett M. Dirksen, 110 Cong.Rec. 12807, 12814, and 12819 (1964).

6. Similar statements were made by Senator Humphrey. See 110 Cong.Rec. 12707, 13088 (1964), and by Senator Case, the Republican Floor Manager of the Bill, 110 Cong.Rec. 13081 (1964).

question is a prerequisite to the commencement of a civil action based on that statute. See, e. g., Coleman v. Brotherhood of Railway and Steamships Clerks, etc., 340 F.2d 206 (2nd Cir. 1965); Scott v. Railroad Retirement Board, 227 F.2d 684 (7th Cir. 1955).

Thus, it is the opinion of this Court that where substantial relief against alleged discrimination is available under state law, the person aggrieved must pursue state remedies before a valid complaint may be filed with the EEOC or with this Court. The plaintiff in this case has adequate relief available under Illinois statutes. The plaintiff has never attempted to utilize his state remedies. Since the plaintiff has failed to exhaust, or even begin to exhaust his state remedy, as required by § 706(b), 42 U.S.C. § 2000e–5(b), the EEOC cannot file the plaintiff's complaint relating to alleged discrimination. Jurisdiction does not lie in this Court until state remedies have been exhausted. See Love v. Pullman Co., *supra*. The parties have represented to this Court that neither the plaintiff nor the EEOC have filed or otherwise notified the Illinois Fair Employment Practices Commission. Accordingly, the EEOC, pursuant to § 706(b), does not presently have jurisdiction over this cause of action. Since the EEOC lacks jurisdiction to hear these allegations, this Court is without statutory jurisdiction to consider them.[7]

## II. PLAINTIFF HAS FAILED TO STATE A PROPER CAUSE OF ACTION UNDER THE CIVIL RIGHTS ACT OF 1870, 42 U.S.C. § 1981.

The plaintiff is a white male United States citizen who alleges discrimination in his employment based on his sex, pursuant to 42 U.S.C. § 1981. The clear purpose of § 1981 is to provide for equality between persons of different races. In order for a plaintiff to predicate an action on this section, he must have been deprived of a right, which, under similar circumstances, would have been accorded to a person of a different race. The applicability of this section is clearly limited to racial discrimination. It does not pertain to discrimination on the grounds of religion, national origin or sex. Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968); Georgia v. Rachel, 384 U.S. 780, 86 S.Ct. 1783, 16 L.Ed.2d 925, (1966); United States v. Cruikshank, 92 U.S. 542, 23 L. Ed. 588 (1875); Agnew v. Compton, 239 F.2d 226 (9th Cir. 1956), cert. denied, 353 U.S. 959, 77 S.Ct. 868, 1 L.Ed.2d 910 (1957); Schetter v. Heim, 300 F.Supp. 1070 (E.D.Wis.1969). Thus, the plaintiff's complaint based on allegations of sex discrimination fails to state a cause of action pursuant to § 1981.

Thus, this Court is without jurisdiction under 42 U.S.C. § 2000e et seq. and § 1981 to entertain the plaintiff's complaint. Accordingly, it is hereby ordered, adjudged and decreed that the defendant's motion to dismiss the plaintiff's complaint is granted.

7. See, e. g., Love v. Pullman Co., *supra* (the District Court and the EEOC do not have jurisdiction where no complaint has been filed by any concerned party with the State agency); Equal Employment Opportunity Commission v. Union Bank, *supra* (no District Court or EEOC jurisdiction because the plaintiff did not exhaust available state remedies); Mickel v. South Carolina State Employment Service, 377 F.2d 239 (4th Cir. 1967), cert. denied, 389 U.S. 877, 88 S.Ct. 177, 19 L. Ed.2d 166 (1967) (no state charge, no jurisdiction); General Opinion Letter, EEOC Decision, April 17, 1966 (timely and proper filing a prerequisite to civil action).