**Paul J. McGARVEY, Plaintiff,**
v.
**MERCK & CO., INC., Defendant.**
Civ. A. No. 417–72.

United States District Court,
D. New Jersey.
April 10, 1973.

Tomar, Parks, Seliger, Simonoff & Adourian by Robert F. O'Brien, Camden, N. J., for plaintiff.

Donald S. Brooks, for defendant; Drinker, Biddle & Reath by Michael Floyd, Philadelphia, Pa., of counsel.

## OPINION and ORDER

CLARKSON S. FISHER, District Judge.

The question presented by these motions is one under the Age Discrimination in Employment Act of 1967, 29 U.S.C. Sec. 621 et seq. Plaintiff McGarvey alleges in the complaint that the defendant dismissed him from employment on November 13, 1970 after twenty-one years of service because he was fifty-nine years old. Plaintiff was employed as the manager of the laboratory and office services of defendant's plant in West Point, Pennsylvania. Plaintiff seeks both injunctive and compensatory relief as provided under the Act.

On April 20, 1971 plaintiff notified the United States Secretary of Labor, pursuant to 29 U.S.C. Sec. 626(d), of his intent to sue the defendant. Plaintiff filed his complaint with this Court on March 2, 1972, but did not allege that he had filed a complaint with or commenced proceedings before the Pennsylvania Human Relations Commission pursuant to 43 P.S. Sec. 951 et seq. Under Pennsylvania law, plaintiff had ninety days from the date of the alleged discriminatory act to proceed before the Human Relations Commission. 43 P.S. Sec. 959.

In its answer defendant contends, inter alia, that 29 U.S.C. Sec. 633(b)[1] bars this action because plaintiff failed to proceed before the Pennsylvania Human Relations Commission. Plaintiff moves to strike this particular defense. Defendant moves for judgment on the pleadings on the basis of this defense. Thus, the narrow issue presented is whether 29 U.S.C. Sec. 633(b) requires plaintiff to allege prior resort to state statutory remedies before commencing suit in this Court.

Plaintiff argues the language of Section 633(b), that no suit may be brought before sixty days after state proceedings have commenced, does not imply that state proceedings must be brought prior to filing suit in federal court. Plaintiff theorizes that this language provides a choice of federal or state remedies.[2] In his view, Section 633(b) applies only when a state proceeding has already begun but does not deal with the situation where no state proceedings have commenced.

Defendant relies upon the cases which interpret 42 U.S.C. Sec. 2000e–5(c),[3] an

---

1. 29 U.S.C. Sec. 633(b) provides:
   In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under Section 626 of this title before the expiration of sixty days after proceedings have been commenced under State law, unless such proceedings have been earlier terminated: Provided, that such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State law . . . ..

2. In support of his theory plaintiff relies on an unverified xerox copy of a letter from the regional solicitor of the U. S. Department of Labor to plaintiff's attorney dated December 20, 1972. Under the Federal Rules of Civil Procedure it is clear that this Court may not consider or rely upon such a document in considering these motions. F.R.Civ.P. 12(b) and 56 (e).

3. 42 U.S.C. Sec. 2000e–5(c) states:
   In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged

analogous provision of Title VII of the Civil Rights Act of 1964, to require primary resort to state remedies as a jurisdictional prerequisite. Love v. Pullman Co., 404 U.S. 522, 525–526, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972); Equal Employment Opportunity Commission v. Union Bank, 408 F.2d 867, 869 (9th Cir. 1968); Stebbins v. Nationwide Mutual Insurance Co., 382 F.2d 267, 268 (4th Cir. 1967), cert. denied, 390 U.S. 910, 88 S.Ct. 836, 19 L.Ed.2d 880, reh. denied, 390 U.S. 976, 88 S.Ct. 1061, 19 L.Ed.2d 1199 (1968); Motorola, Inc. v. Equal Employment Opportunity Commission, 460 F.2d 1245 (9th Cir. 1972); Oubichon v. North American Rockwell Corp., 325 F.Supp. 1033, 1036 (C.D.Calif.1970); cf. International Brotherhood of Electrical Workers v. United States Equal Opportunity Commission, 398 F.2d 248, 252 (3d Cir. 1968) cert. denied, 393 U.S. 1021, 89 S.Ct. 628, 21 L.Ed.2d 565 (1969). Many of these cases concern the filing requirements under Title VII when unfair employment practice charges are before both a state agency and the federal agency, the Equal Employment Opportunity Commission (EEOC). *See, e. g.,* Vigil v. American Tel. & Tel. Co., 455 F.2d 1222 (10th Cir. 1972); Fix v. Swinerton and Walberg Company, 320 F.Supp. 58 (D.Colo.1970). When such charges are presented to both federal and state agencies, it is clear that Congress intended state agencies be afforded the first opportunity to redress alleged unfair employment practices. Abshire v. Chicago and Eastern Railroad Co., 352 F.Supp. 601 (N.D.Ill.1972), citing 110 Cong.Rec., Part 10, 13008 and 12721 (1964). Defendant argues that the reasoning of the cases [4] concerning Subsection 2000e–5(c) of the Civil Rights Act of 1964 should apply to Section 633(b) as well, because the language of the two sections is nearly identical and the legislative history of Section 633(b) reveals the same purpose.[5]

◼ This Court finds itself in agreement with the defendant, for there are no meaningful distinctions to be drawn between Subsection 2000e–5(c) and Section 633(b) for the purposes of this action. The language and legislative history of both provisions are substantially the same. Furthermore, to construe the statute as plaintiff suggests would create a "loophole" in Section 633 (b) which flies in the face of congressional intent. Plaintiff fails to allege any resort to the appropriate state agency within the period of the state Statute of Limitations which now has elapsed. Thus, any plaintiff could easily by-pass state agencies by waiting, for whatever reasons, until after the state Statute of Limitations had expired before commencing suit in a federal forum. Con-

and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (b) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, provided that such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State or local law . . . ..

Public Law 92–261, 86 Stat. 103 (1972) redesignated former subsection 42 U.S.C. Sec. 2000e–5(b) as subsection 5(c). Reference in subsection (c) to subsection (b) of this section was, in the original, subsection (a) of this section. Thus, the cases prior to the enactment of P.L. 92–261 when referring to 42 U.S.C. Sec. 2000e–5(b) were concerned with this same subsection which has now been redesignated as 42 U.S.C. Sec. 2000e–5(c).

4. *See, Abshire, supra* at 604.

5. 1967 U.S.Code Cong. & Admin.News, House Report No. 805, Oct. 23, 1967, at pp. 2213–2227; IV Senate Miscellaneous Reports on Public Bills, 12750–4, Senate Report No. 723, Nov. 4, 1967; 1967 Hearings, Hearings before the Subcommittee on Labor of the Committee on Labor and Public Welfare, United States Senate, March 15, 16 and 17, 1967 at 1–405, esp. at 234 f and 102 f.

gress clearly did not intend to permit such an avoidance of primary state remedies, where they exist,[6] under the Civil Rights Act of 1964. Dubois v. Packard Bell Corporation, 470 F.2d 973, 975 (10th Cir. 1972). There is no evidence in the legislative history of Age Discrimination in Employment Act that Congress intended a different result in 1967. Section 633(b) should be construed to mean that plaintiff must first attempt to utilize available state remedies before filing a complaint alleging discrimination based upon age. Goger v. H. K. Porter Co., Civ. No. 896–72 (D.N.J. 1/23/73), reported unofficially at 5 BNA Fed.Emp. Practice Cases 695.

It is well established that where statutory rights are asserted in a court, strict compliance with the statute in question is a jurisdictional prerequisite to the commencement of a civil action based upon that statute. *Abshire, supra,* 352 F.Supp. at 299.

Thus, it is the opinion of this Court that where substantial relief against alleged age discrimination is available under state law, 29 U.S.C. Sec. 633(b) requires the person aggrieved to pursue state remedies prior to filing a complaint with this Court. *Goger, supra* at 697. Since plaintiff here has failed to allege or offered to establish prior resort to the appropriate state remedy, this Court lacks jurisdiction over the subject matter. Fed.R.Civ.P. 12(h)(3).

Accordingly, it is hereby ordered that plaintiff's complaint be dismissed without costs.

---

6. Plaintiff relies upon three cases for the proposition that one need not first exhaust state remedies. Stringfellow v. Monsanto, 320 F.Supp. 1175 (W.D.Ark. 1970); Monroe v. Penn Dixie, 335 F.Supp. 231 (D.Ga.1971); Price v. Maryland Casualty Co., 5 Fed.Emp. Practice Cases 15 (D.Miss. Sept. 17, 1972); *see also,* Annot., 29 A.L.R.3d 1407 (1970). There are no statutes prohibiting discrimination on the basis of age in Arkansas and Mississippi. 2 CCH Employment Practices Guide Para. 20,723, Para. 24,700. *Monroe, supra,* involved acts occurring in 1968 in Georgia. Georgia's statute prohibiting age discrimination was not effective until July 1, 1971. Ga. Code Ann., Secs. 54–1102 and 54–9927. Thus, since there were no state remedies available to plaintiffs, these cases do not apply to the case at bar where a state remedy exists.