Judith L. MASEL, Plaintiff,

v.

INDUSTRIAL COMMISSION OF ILLI-NOIS, Bituminous Insurance Companies, Village of Streamwood, and Kane, Doy & Harrington, Defendants.

No. 81 C 7316.

United States District Court, N. D. Illinois, E. D.

May 28, 1982.

Anna D. Marek, Ontarioville, Ill., for plaintiff.

Daniel R. Formeller, McKenna, Storer, Rowe, White & Farrug, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

FLAUM, District Judge:

This matter comes before the court on the defendants' motion to dismiss the complaint. For the reasons set forth below, the court dismisses the allegations based upon 42 U.S.C. §§ 1981, 1983 (1980) for failure to state a claim and the allegations based upon 28 U.S.C. §§ 2201, 2202 (1980) for lack of subject matter jurisdiction.

The plaintiff Judith Masel ("Masel") filed suit based upon 28 U.S.C. §§ 1343, 2201, 2202 (1980) and 42 U.S.C. §§ 1981, 1983 (1980) against the defendants the Industrial Commission of Illinois ("the commission"), Bituminous Insurance Companies ("Bituminous"), the Village of Streamwood ("the village"), and the law firm of Kane, Doy & Harrington ("KD&H"). In the complaint, Masel brings suit on behalf of herself and all other persons allegedly eligible to receive hospitalization and medical care from the defendants as set forth under the Illinois Workmen's Compensation Act ("the act"). Masel states that she is challenging Ill.Rev.Stat. ch. 48, § 138.8 (1980) which provides the amount of compensation an employer pays for an employee's medical treatment. Masel contends that she was injured in January 1980 while employed by the village. Masel also contends that Bituminous and the village have paid her some compensation, but have refused to pay for Masel's medical treatment. Masel apparently made a claim under the act which was scheduled for a hearing in February 1982. Bituminous and the village allegedly have refused to pay for Masel's medical treatment until after the hearing. KD&H apparently represent the village in the commission proceedings. Masel contends that all of the defendants are required under Illinois law to reimburse her for medical care. Masel further contends that the defendants' refusal to pay for the medical care is based upon Ill.Rev.Stat. ch. 48, § 138.19 (1980). Masel alleges that section 138.19 violates the due process and equal protection clauses of the fourteenth amendment to the United States Constitution because the section purportedly requires Masel to wait for a hearing before receiving compensation. Masel asks that the rights of a purported class be declared and that the defendants be restrained and enjoined from denying to Masel and the other class members payment of medical treatment. Masel also asks for damages in the sum of $10,000,000 and attorney's fees.

The defendants filed motions to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil

procedure 12(b)(6). Bituminous and KD&H contend *inter alia* that they do not act under color of state law for the purpose of suit under 42 U.S.C. § 1983 (1980). The commission contends *inter alia* that it is immune from suit for monetary or injunctive relief under the eleventh amendment and that the commission is not a "person" under section 1983. The village contends that Masel's section 1983 claim must be dismissed since Masel has an adequate state remedy. All defendants contend that the complaint fails to state a claim under 42 U.S.C. § 1981 (1980) since there are no allegations of race discrimination. In response, Masel contends that all of the defendants are liable under section 1983. Masel further contends that the complaint alleges a valid claim under section 1981 based upon reverse discrimination. The court will address these various contentions *seriatim*.

Section 1981 provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981 (1980). Section 1981 only applies to racial discrimination, not to discrimination based upon religion, national origin, or sex. *Vazquez v. Werner Continental, Inc.*, 429 F.Supp. 513, 515 (N.D.Ill. 1977); *Abshire v. Chicago & Eastern Illinois Railroad Co.*, 352 F.Supp. 601, 605 (N.D.Ill. 1972). In the present case, the complaint contains no allegations of discrimination based upon race. Accordingly, the motion to dismiss the section 1981 allegations for

failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is granted.[1]

Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983 (1980). Thus, in order to bring suit under section 1983, a defendant must have deprived an individual of a right or privilege guaranteed by the United States Constitution and have acted under color of state law.[2] *Reichenberger v. Pritchard*, 660 F.2d 280, 284 (7th Cir. 1981). Assuming *arguendo* that Masel has alleged a deprivation of a constitutional right, the court must determine whether KD&H and Bituminous acted under color of state law for the purpose of section 1983.

Regarding KD&H's motion, a private law firm by representing a party in legal proceedings does not act under color of state law for the purpose of section 1983. *Hansen v. Ahlgrimm*, 520 F.2d 768, 770 (7th Cir. 1975). Applying the law to the present case, the court concludes that KD&H, a private law firm which apparently represented the village in the commission proceedings regarding Masel, does not act under color of state law for the purpose of section 1983. Accordingly, the section 1983 allegations against KD&H are dismissed for

1. In the response to the motion to dismiss, Masel apparently contends that the complaint alleges a claim under section 1981 based upon reverse discrimination. There are no allegations of reverse discrimination in the complaint. Moreover, Masel apparently alleges violations of her constitutional rights based upon indigency.

2. In claims brought under section 1983, "under color of law" has consistently been treated as the same thing as state action required under the fourteenth amendment. *United States v. Price*, 383 U.S. 787, 794 n.7, 86 S.Ct. 1152, 1157 n.7, 16 L.Ed.2d 267 (1966).

failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

 As for Bituminous' motion, where a regulated entity is alleged to have acted under color of state law, the inquiry is whether there is a sufficiently close nexus between the state and the challenged action by the entity such that the action of the entity may be fairly treated as that of the state itself. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351, 95 S.Ct. 449, 453, 42 L.Ed.2d 477 (1974); *Bloomer Shippers Association v. Illinois Central Gulf Railroad Co.*, 655 F.2d 772, 776 (7th Cir. 1981). A state's mere regulation of insurance companies is insufficient to establish the required nexus for the purpose of state action under section 1983. *Life Insurance Co. v. Reichardt*, 591 F.2d 499, 501–02 (9th Cir. 1979). Applying the law to the present case, the court concludes that there is an insufficient nexus between Illinois and Bituminous to establish state action for the purpose of a suit under section 1983. Accordingly, the section 1983 allegations against Bituminous are dismissed for failure to state a claim.

Regarding the motions by the commission and village to dismiss the section 1983 allegations for failure to state a claim, Masel apparently contends that section 138.19 of the Illinois Worker's Compensation Act violates the due process and equal protection clauses of the fourteenth amendment to the United States Constitution because the statute allegedly requires a hearing to be held prior to approving payment of medical treatment under the act. Section 138.19, however, does not provide for a hearing but rather provides a remedy for the failure of an employer to pay for such treatment.[3] Therefore, the motion to dismiss the remaining allegations under section 1983 against the commission and the village[4] for failure to state a claim is granted.[5]

Accordingly, the motion to dismiss the complaint is granted.[6]

It is so ordered.

---

3. The court liberally construes civil rights complaints filed by *pro se* plaintiffs. Masel, however, is not appearing *pro se* but is represented by counsel in this case.

4. In the body of the complaint, Masel attempts to name Tyrone Fahner, the Attorney General of Illinois, as a party defendant in order "to challenge the constitutionality of the statute". The Attorney General, however, is not named as a defendant in the caption of the complaint and apparently has not been served or filed an appearance in this case.

5. Masel also alleges jurisdiction and prays for relief under 28 U.S.C. §§ 2201, 2202 (1980). Sections 2201 and 2202, however, provide no independent basis for federal jurisdiction. *Ream v. Handley*, 359 F.2d 728, 732 (7th Cir. 1966). Accordingly, the sections 2201 and 2202 allegations are dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

6. Since the court dismisses the complaint for failure to state a claim, the court will not address the defendants' other grounds for dismissal nor the plaintiffs' allegations regarding class certification.