Nancy J. DOE, Plaintiff,

v.

Marianne Y. THOMAS, Barbara Rowan, A.E. Moore, M.A. Green, William Olson, James O'Grady, Richard Brzeczek, Minnie Moe, Max Roe, Richard Roe, Unknown Police Officers, and The City of Chicago, a municipal corporation, Defendants.

No. 83 C 5706.

United States District Court, N.D. Illinois, E.D.

March 21, 1985.

Gregory J. Doran, Lorraine Woods, Chicago, Ill., for plaintiff.

James D. Montgomery, Corp. Counsel by Peter F. Zullo, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## MEMORANDUM ORDER

BUA, District Judge.

The defendants, Marianne Y. Thomas, Barbara Rowan, Anthony Moore, Marianne Green, William Olson, James O'Grady, Richard Brzeczek, and the City of Chicago move for summary judgment in their favor pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. For the reasons stated below, defendants' motion for summary judgment is granted in part and denied in part.

## I. FACTS

Construing all facts in a light most favorable to the plaintiff, the following facts are assumed to be true for purposes of this motion. On August 7, 1982, plaintiff Nancy J. Doe learned that a warrant had been issued for her arrest. The arrest warrant was based on Doe's failure to appear in state court on July 29, 1982 with respect to a misdemeanor indictment charging violations of the Illinois Deceptive Trade Practices Act, Ill.Rev.Stat., ch. 38, § 17–1(B)(a). Bond was set at $200. Doe then traveled to the Jefferson Park Police Station with $200 in cash, prepared to post bond. At the Jefferson Park Police Station, Doe identified herself to the desk officer and advised him of both the arrest warrant and the $200 bond.

Doe was taken immediately into an interview room, handcuffed to the wall, and asked general questions by Officer Green,

Officer Moore or Officer Richard Roe.[1] The questioning officer then left the room. Upon returning, the officer informed Doe that she was under arrest and would be transported to another facility. Doe again requested to post bond, but was denied that request. Doe was not informed of her *Miranda* rights either when she was handcuffed to the wall or when she was informed of her arrest.

Doe's handcuff was detached from the wall and placed upon her unhandcuffed wrist. Fully handcuffed, Doe was then transported from the Jefferson Park Police Station to the Grand and Central Police Station. Upon arrival, Doe was transferred to a policewoman's care. Doe again informed the officer (either Officer Rowan, Officer Thomas, or Officer Moe) of the warrant and offered to post bond. The policewoman refused the offer. The policewoman then "shoved [Doe] against a wall so that the back of her head hit the wall, intimidated and frightened her and snapped her picture with a camera." Plaintiff's Affidavit, at ¶ 4. Doe was then "led to a table and her fingerprints [were] taken with much force." *Id.* at ¶ 5.

After Doe was fingerprinted, a policewoman ordered Doe to undress and submit to a body cavity search. The policewoman conducted the strip search and body cavity search while another policewoman watched. During the search, the policewomen "started to punch and beat [Doe] and kicked her with great force in an injured leg, struck her in the head [,] beat her about the arms and body and stunned her." Plaintiff's Affidavit, at ¶ 5. As a result of the search, Doe incurred both internal and external injuries, including bruises to her face, arms and legs. Doe was then left in a cell without concern for her injuries and without food for more than eight hours before her family came to the station and posted bond for her. Doe was then released from custody.

## II. DISCUSSION

The named defendants have moved pursuant to Rule 56(c) of the Federal Rules of Civil Procedure that summary judgment be granted in their favor. Under Rule 56(c), summary judgment will be granted if there is no genuine issue as to any material fact. *Cedillo v. International Association, etc.*, 603 F.2d 7 (7th Cir.1979). The Court gives the party opposing the motion the benefit of any reasonable inferences which can be drawn from the facts in the materials submitted. *United States v. Diebold, Inc.*, 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

Count I of Doe's Amended Complaint charges that Officer Green, Officer Moore or Officer Richard Roe unconstitutionally "seized" Doe's person by handcuffing her to the wall of an interrogation room at the Jefferson Park Police Station. Also, Doe alleges that the police officers deliberately denied Doe her state constitutional rights under Ill. Const. Art. I, § 9 and her statutory right to post bond under Ill.Rev.Stat. ch. 38, §§ 110–7 and 110–9. The officers, according to Doe, violated Doe's rights to be free from unreasonable seizures, her right to equal protection under the law, and her right to due process. Doe seeks compensatory and punitive damages from Officers Moore, Green, and Richard Roe under 42 U.S.C. §§ 1981, 1983, and 1988; U.S. Const. Amendments VIII and XIV; Ill. Const. Art. I, § 9; and Ill.Rev.Stat., ch. 38, §§ 110–7 and 110–9.

Count II charges that Officers Thomas, Rowan, and Moe deprived Doe of her liberty without due process of law, her right to equal protection of the laws, her right to be free of false arrest and imprisonment, her right to bail, and her right to assistance of counsel. Doe claims further that she was denied the right to make any telephone calls as guaranteed under the Illinois Constitution. Doe seeks compensatory and punitive damages against Officers Thomas, Rowan, and Moe under 42 U.S.C. §§ 1981

---

**1.** In her Amended Complaint, plaintiff alleges that the identity of the interviewing officer is presently unknown to her. First Amended Complaint, Count I, ¶ 7.

and 1983; U.S. Const. Amendments V, VI, and XIV; Ill. Const. Art. I, § 9; and Ill. Rev.Stat. ch. 38, §§ 103–3(a) and (b).

Count III alleges that the strip search and body cavity search of Doe denied Doe of her liberty without due process of law, her right to be free from unreasonable searches and seizures, her right to be free from the use of excessive force, and her right to privacy. Doe seeks compensatory and punitive damages against Officers Rowan, Thomas, and Moe under 42 U.S.C. §§ 1981 and 1983.

Count IV alleges that the City of Chicago and the Superintendent of Police failed to provide the training, educating, and regulating of police officers with regard to strip searches and body cavity searches. Doe charges that defendants have a pattern or practice of strip searching and body cavity searching arrestees as part of the general booking procedure. Thus, Doe charges that the City of Chicago and the Superintendent deprived Doe of her right to privacy and her right to be free from unreasonable searches. Doe seeks compensatory damages against the City of Chicago and the Superintendent under 42 U.S.C. § 1983.

Count V alleges that the City and the Superintendent of Police violated their duty to train, supervise, and educate the police officers, and thus, Doe was denied her constitutional right to post bond, her right to equal protection of the laws, her state constitutional right to telephone her attorney, her right to counsel, her right to be free from unreasonable searches, and her right to be read her *Miranda* rights. Doe seeks compensatory damages against the City and the Superintendent under 42 U.S.C. § 1983.

### Count I

Defendants Green, Moore, and Roe claim that they are entitled to summary judg-

ment as to Count I based on the qualified immunity doctrine articulated by the Supreme Court in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). According to *Coleman v. Frantz*, 754 F.2d 719 (7th Cir.1985), in order for the court to grant summary judgment on defendant's claim of qualified immunity, the lower level public officials must have (1) been acting within the scope of their authority at the time of the occurrences, and (2) their conduct must not have violated clearly established statutory or constitutional rights. *Id.* at 728; *Harlow, supra*, 102 S.Ct. at 2728.

Applying this doctrine to the unreasonable seizure claim of Count I, this Court must decide (1) whether the police officers, as lower level public officials, were acting within the scope of their authority by handcuffing Doe to the wall of an interrogation room at the Jefferson Park Police Station, and (2) whether the police officers' actions amounted to an "unreasonable seizure" under the Fourth Amendment, thereby violating Doe's clearly established constitutional rights.[2] For this Court to grant qualified immunity as a matter of law, the answer to the first question must be in the affirmative, and the answer to the second question must be in the negative.

Defendants have established, as a matter of law, both prongs of the qualified immunity test. First, taking someone into custody is clearly within the scope of a police officer's authority. Second, defendants have established, as a matter of law, that Doe's arrest did not violate any clearly established constitutional rights. Doe admits that she informed the desk officer at the Jefferson Park Police Station of the outstanding arrest warrant. Amended Complaint, Count I, ¶s 6 and 7. The "seizure" of Doe's person, as based on her own

---

**2.** Under *U.S. v. Mendenhall,* 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980), "a person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Id.* at 555, 100 S.Ct. at 1877. Obviously, one handcuffed to the wall of an interrogation room would not consider herself free to leave.

confession of the arrest warrant, was grounded on probable cause and therefore did not violate Doe's right to be free from unreasonable seizures. Thus, this Court grants Officers Moore, Green, and Roe summary judgment on the unreasonable seizure claim in Count I.

■ The denial of the right to post bond claim in Count I raises two issues: (1) whether the Police Officers Green, Moore, Roe, Rowan, Thomas, and Moe were acting within the scope of their authority by detaining Doe almost nine hours before permitting the posting of bail, and (2) whether this nine-hour delay violated Doe's clearly established constitutional right to post bail. Again, for this Court to grant qualified immunity under *Harlow,* as modified by *Coleman,* the answer to the first question must be in the affirmative, and the answer to the second question must be in the negative.

This Court finds that it is within a police officer's scope of authority to detain an arrestee for administrative processing. Thus, the first question raised by the *Harlow* qualified immunity test, as modified by *Coleman,* is answered in the affirmative. The second question of the *Harlow* qualified immunity test, requiring a demonstration of a violation of a clearly established constitutional right, is answered in the negative. Plaintiff therefore has not raised any question of fact regarding the officers' observance of Doe's constitutional right to post bail.

In *Fisher v. Washington Metropolitan Transit Authority,* 690 F.2d 1133 (4th Cir. 1982), the court found that an arrestee's constitutional rights were not violated when an officer detained an arrestee 15 hours between the time of the custodial arrest and the time of the judicial hearing. The court grounded its decision on the

plaintiff's lack of evidence showing that the officer detained plaintiff beyond the brief period of detention necessary to take the administrative steps incident to arrest. Consequently, the *Fisher* court found that no clearly established constitutional rights were violated.

*Fisher* involved an arrestee detained 15 hours awaiting a judicial hearing on the issue of probable cause. This case, however, involves an arrestee detained nine hours pursuant to an arrest warrant based on probable cause. Thus, the length of the administrative detention period in the instant case appears even more reasonable than in *Fisher.* Since the court in *Fisher* found the 15-hour administrative detention constitutional, this Court finds that a nine-hour post arrest detention based upon probable cause is also constitutional. Accordingly, the nine-hour delay did not violate Doe's clearly established constitutional right to post bail.

Additionally, the nine-hour delay between Doe's initial request to post bail and the granting of that request does not deprive Doe of her right to due process guaranteed to her by the Fifth and Fourteenth Amendments. That delay also does not deprive Doe of her right to equal protection under the laws as Doe was treated no differently than other arrestees detained for administrative processing. Finally, the nine-hour delay did not violate plaintiff's Eighth Amendment right to be free of cruel and unusual punishment. Consequently, the answer to the second prong of the *Harlow* qualified immunity test is in the negative. This nine-hour delay did not violate Doe's clearly established constitutional rights. Thus, this Court grants Officers Green, Moore, Roe, Rowan, Thomas, and Moore summary judgment as to the denial of the right to post bail claim in Count I.[3]

■ Finally, the Court grants summary judgment in defendants' favor on plain-

---

**3.** Unfortunately, plaintiff's counsel failed to note that Officers Green, Moore, and Roe only detained Doe for approximately an hour and a half before she was transported to another facility, Grand Central Station. At the second facil-

ty, Doe was detained by Officers Rowan, Thomas, and Moore for the balance of her nine-hour detention. Hence, this Court concludes that the denial of the right to post bail claim of Count I includes all the above-mentioned officers. Fur-

tiff's remaining federal claims in Count I. Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1981 since the amended complaint contains no allegations of discrimination based upon race. *See Bell v. City of Milwaukee,* 746 F.2d 1205, 1232 (7th Cir.1984); *Masel v. Industrial Commission,* 541 F.Supp. 342, 344 (N.D.Ill. 1982). Section 1988, 42 U.S.C., does not provide a cause of action, but rather provides a court with authority to award a prevailing plaintiff in a civil rights suit attorneys' fee as part of costs. *Id.* Since all of plaintiff's federal claims in Count I are dismissed before trial with prejudice, the state claims alleged in Count I are dismissed without prejudice for lack of pendent jurisdiction. *See Buethe v. Britt Airlines, Inc.,* 749 F.2d 1235, 1239–1241 (7th Cir.1984).

### Count II

Defendants Thomas, Rowan, and Moe claim that they are entitled to summary judgment in their favor on the four claims presented in Count II: (1) denial of right to post bail, (2) denial of equal protection, (3) denial of the right to counsel, and (4) false arrest and imprisonment. The first issue, denial of due process, is based upon the same denial of the right to post bail allegation that is addressed in Count I. Accordingly, this Court grants defendants Thomas, Rowan, and Moe summary judgment as to the denial of right to post bail claim in Count II.

■ This Court also grants defendants Thomas, Rowan, and Moe summary judgment as to the Count II claim of denial of equal protection. Under this claim Doe asserts that her transfer to a female detention facility was a denial of her right to equal protection. This Court finds that there is no denial of equal protection to either men or women when they are transferred to or detained in separate-sex detention facilities. Segregation of inmates according to sex, authorized by Ill.Rev.Stat. ch. 75, § 111, clearly does not violate the equal protection clause since there is a rational, if not compelling, basis for this placement. An alleged male rapist should not be detained in the same cell with an alleged female shoplifter—even momentarily. Thus, this Court grants summary judgment in defendants Thomas', Rowan's, and Moe's favor as to the denial of equal protection claim of Count II.[4]

■ Further, the Court grants defendants' motion for summary judgment concerning Count II's denial of counsel claim since Doe's right to counsel had yet to attach. Under *Escobedo v. Illinois,* 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), the right to counsel attaches "when the process shifts from investigatory to accusatory—when its focus is on the accused and its purpose is to elicit a confession." *Id.* at 492, 84 S.Ct. at 1766; *see State Bank of St. Charles v. Camic,* 712 F.2d 1140 (7th Cir.1983). Doe's right to counsel had not attached since no formal accusations against her had been made and no formal investigation had begun. Doe was merely detained for administrative processing prior to the posting of bond. Doe was not detained for purposes of interroga-

---

thermore, this Court finds that the detentions, taken individually, the one-and-a-half-hour detention at the Jefferson Park Station and the seven-hour detention at the Grand Central Station, were both reasonable and constitutional.

**4.** Count II also alleges that Doe's Fourteenth Amendment right to equal protection under the laws was breached when she was denied the right to post bail. Doe claims that all other persons charged with misdemeanor infractions of the law are permitted to post bond and be released from custody. Doe alleges that she

was not treated as all other persons charged with misdemeanor infraction. However, this assertion must fail since Doe was in fact treated the same as all female arrestees (regarding her transportation to a female detention facility and her posting of bail.) Doe was detained, lawfully, while her fingerprints and arrest record were being checked. Hence, this Court grants defendants Thomas, Rowan, and Moe summary judgment as to this claim.

tion. *See Kirby v. Illinois*, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411 (1972). Accordingly, defendants Thomas', Rowan's, and Moe's motion for summary judgment concerning the right to counsel claim of Count II is granted.

■ Further, this Court grants defendant's motion for summary judgment regarding the false arrest and imprisonment claim in Count II. Doe was arrested at the Jefferson Park Police Station pursuant to a valid arrest warrant. Doe was imprisoned at both the Jefferson Park Police Station and the Grand Central Police Station for a total of approximately nine hours for the proper purpose of administrative processing. *Fisher v. Washington Metropolitan Transit Authority*, 690 F.2d 1133 (4th Cir. 1982). Therefore, this Court grants defendants Thomas', Rowan's, and Moe's motion for summary judgment as to the false arrest and imprisonment claim of Count II.

Finally, the Court grants summary judgment in defendants' favor on plaintiff's § 1981 claim in Count II. Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1981 since the amended complaint contains no allegations of discrimination based upon race. *See Bell v. City of Milwaukee*, 746 F.2d 1205, 1232 (7th Cir.1984); *Masel v. Industrial Commission*, 541 F.Supp. 342, 344 (N.D.Ill.1982). Since all of the plaintiff's federal claims in Count II are dismissed before trial with prejudice, the state claims alleged in Count II are dismissed without prejudice for lack of pendent jurisdiction. *See Buethe v. Britt Airlines, Inc.*, 749 F.2d 1235 at 1239–1241 (7th Cir.1984).

## Count III

Count III asserts that because of the alleged strip search and body cavity search, Doe was (1) denied her liberty without due process of law, (2) deprived of her right to be free from unreasonable searches and

seizures, (3) subject to the use of excessive force, and (4) denied her right to privacy. As to all of these allegations, this Court denies defendants Thomas', Rowan's, and Moe's motion for summary judgment.

■ Doe challenges the strip search and body cavity search allegedly conducted by Officers Thomas, Rowan, and Moe. Doe supports this challenge with an affidavit. Doe claims to have been "brutally" strip searched and body cavity searched, beaten and kicked at the Grand Central Police Station on August 7, 1982. Plaintiff's Affidavit, at ¶ 5. Defendants counter this challenge with affidavits professing complete innocence on the part of Officers Rowan and Thomas. Defendants assert they have never participated in a strip search or body cavity search. Thus, a factual dispute exists. Since strip searches and body cavity searches conducted in the manner alleged here are unconstitutional, Count III states a cause of action against Officers Thomas, Rowan, and Moe. *See Jane Does v. City of Chicago*, No. 79 C 789 (N.D.Ill. Jan. 12, 1982), *aff'd in part, rev'd in part, vacated in part* and *remanded sub. nom., Mary Beth G. v. City of Chicago*, 723 F.2d 1263 (7th Cir.1983) (hereinafter *Jane Does v. City of Chicago* ). Consequently, defendants Thomas', Rowan's, and Moe's motion for summary judgment as to the denial of due process claim, the denial of reasonable search and seizure claim, the excessive force claim, and the denial of the right to privacy claim of Count III is denied.[5]

## Count IV

Count IV asserts that the City of Chicago and the Superintendent of Police deprived Doe of her right to privacy and right to be free from unreasonable searches because of the City's alleged pattern or practice of conducting strip searches and body

---

5. Although plaintiff cites various state statutes and constitutional provisions in Count III, no claim is made under any of these state law claims. *See* plaintiff's Complaint, Count III, ¶ 16. Accordingly, plaintiff will proceed only on the federal claims in Count III.

cavity searches of women detained for minor infractions of the law. Doe claims that the defendants had a pattern or practice of conducting unconstitutional strip searches and body cavity searches of female arrestees, which defendants have never stopped or which defendants have re-established since the case of *Jane Does v. City of Chicago, supra.* This Court grants the City's and the Superintendent's motion for summary judgment on Count IV.

▇▇▇▇▇ Since single claims of misconduct should not burden federal courts or municipalities with unnecessary and sweeping discovery obligations, a § 1983 liability claim against a municipality must assert a pattern or practice of unconstitutional behavior in order to state a cognizable claim. *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978). Although plaintiff argues that the defendants have never stopped or that defendants re-established their policy of conducting routine strip searches and body cavity searches since the case of *Jane Does v. City of Chicago,* No. 79 C 789 (N.D.Ill. Jan. 12, 1982), summary judgment is appropriate on Count IV because plaintiff's claims merely attach the conclusory allegation of "policy" to what is in essence a claim based on a single unconstitutional act. *See Giarrusso v. City of Chicago,* 539 F.Supp. 690, 693 (N.D.Ill.1982); *see also Rivera v. Farrell,* 538 F.Supp. 291 (N.D.Ill.1982).

Doe's reliance upon the defendants' strip search and body cavity search practice cited in *Jane Does v. City of Chicago* is misplaced. According to the General Stipulation and Order entered into by the plaintiffs and defendants in that case, the City of Chicago changed the Chicago Police Department's policy vis-a-vis strip searches and body cavity searches as of March 26, 1980. Plaintiff fails to allege any other incident, besides her own, which demonstrates that the pattern or practice of strip searches in the Chicago area either continue or were re-established. Therefore, this Court finds that Count IV is merely a conclusory allegation of "policy" to what is in essence a claim based on a single unconstitutional act. The Court finds Count IV is an insufficient allegation of a pattern or practice of routine strip searches and body cavity searches conducted by the City of Chicago. Accordingly, this Court grants the City's and the Superintendent's motion for summary judgment as to Count IV of the plaintiff's amended complaint.

### Count V

▇▇▇ Count V alleges that the City of Chicago and the Superintendent of Police violated their duty to train, supervise, and educate the police officers, and thus, denied Doe her constitutional right to post bond, her right to equal protection of the law, her state constitutional right to telephone her attorney, her right to counsel, her right to be free from unreasonable searches, and her rights to be read her *Miranda* rights. This Court grants summary judgment in defendants' favor as to all of the issues raised in Count V.

The Supreme Court held, in *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1975), that there must be an "affirmative link between the occurrence of the various incidents of police misconduct and the adoption of any plan or policy by petitioners—express or otherwise—showing their authorization of approval of such misconduct." *Id.* at 371, 96 S.Ct. at 604. The Seventh Circuit held, in *Lenard v. Argento,* 699 F.2d 874 (7 Cir.1983), that "[t]here can be liability [of Supervisors] only when there is an extremely high degree of culpability for inaction." *Id.* at 885. Plaintiffs have made no showing of such culpability. Plaintiffs have made no allegations, other than in conclusory terms, of Superintendent Brzeczek's noncompliance with the General Stipulation and Order in *Jane Does v. City of Chicago,* which prohibits unconstitutional strip searches and body cavity searches. Therefore, this Court grants summary judgment as to all

of the allegations made against defendants in Count V.

Finally, defendants move for an award of attorneys' fees and costs under 42 U.S.C. § 1988; Fed.R.Civ.P. 11; and 28 U.S.C. § 1927. The magistrate characterized plaintiff's original complaint as a "poorly-drafted, rambling, and somewhat confusing document...." Report and Recommendation, dated May 17, 1984, at 1. Plaintiff's amended complaint is also poorly-drafted, rambling, and confusing. Although defendants' motion for fees raises substantial issues, defendants' motion will be denied at this time without prejudicing defendants' right to refile the motion after trial on Count III of the amended complaint.

## CONCLUSION

Summary judgment is granted for defendants on Counts I, II, IV and V. The federal claims are dismissed with prejudice and the state claims are dismissed without prejudice for lack of pendent jurisdiction. Defendants' motion for summary judgment is denied as to Count III of the amended complaint. Accordingly, defendants Thomas, Rowan, and Moe will face trial on Count III. Defendants' motion for fees and costs is denied without prejudice.

IT IS SO ORDERED.